Nancy Stephens vs. McCormick, &c.

5b 181
88 421

CASE 25—PETITION EQUITY—APRIL 26.

# Nancy Stephens vs. McCormick, &c.

### APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. Possession of the wife's land, acquired and held under a sale and conveyance by her husband in 1837, in which she did not join, did not become adverse to her until after she became discovert.

2. Land of the wife having been sold and conveyed in 1837 by her husband by deed, in which she did not attempt to convey her interest—the wife became discovert by the death of her husband in 1854—her right of action to recover the land would not be barred until fifteen years after the death of her husband; but if she had attempted, but ineffectually, to convey her interest in the land, her right of action would have been barred after three years after the death of her husband.

TURNER & SENNER,          For Appellant,

CITED—

2 *Bibb*, 507 ; *Gray vs. Moffat.*

1 *M. & H. Digest, p.* 44, *Act of* 1796; 2 *M. & B.*, 1125.

5 *B. Mon.*, 475 ; *Gregory vs. Ford.*

4 *B. Mon.*, 575 ; *Shemmell vs. Taylor.*

5 *B. Mon.*, 403 ; *Murray vs. Fishback.*

8 *B. Mon.*, 186 ; *Gill vs. Fauntleroy.*

10 *B. Mon.*, 171; *Phillips vs. Pope.*

*Act of* 1814, *M. & B.*, 1144.

*Act of* 1840, *Loughborough's Digest*, 413.

*Revised Statutes, chap.* 63, 2 *Stant.*, 123–4.

2 *Marshall*, 457 ; *McClain vs. Gregg.*

5 *Dana*, 256 ; *Oldham vs. Henderson.*

JOHN B. HUSTON and
C. BROCK,          For Appellees,

CITED—

5 *J. J. Mar.*, 571; 2 *Marshall*, 19 ; 1 *Marshall*, 120.

*Rev. Stat., chap.* 63, *secs.* 3, 5, 2 *Stant., pp.* 123–4.

---

*Nancy Stephens vs. McCormick, &c.*

---

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Appellant having, as a coparcener, inherited lands previous to the year 1837, her husband sold her interest therein, and attempted to convey the same by his deed without her joining. The vendee and those claiming under him have had possession ever since, until the bringing this suit December 3, 1863.

Appellant did not become discovert until some time in the year 1854. The only question is, as to whether she is barred by limitations. Had she attempted to convey her interest whilst married, and then sought to take a technical advantage of it after her husband died, she must have done so within three years, else she would have been barred; but as her husband had vendible estate for their joint lives, as the law then stood his deed conveyed it, and she could bring no suit to assert her title until this particular estate terminated by the death of her husband; and as the vendee of her husband and those claiming under him are bound by the recitals of his deed of October 25, 1837, there was not then, and could not now be set up, any adverse holding previous thereto; but if this was not so, no such holding is established; consequently, no statute of limitations commenced running against her until her husband's death; and even then, it was the general limitation act of fifteen, and not three years. As she could not sue until her husband's death, because his vendible estate for their joint lives had not terminated, and as she made no attempt to convey, her right of recovery could not be barred until fifteen years after her husband's death; therefore, the judgment is erroneous, and is hereby reversed, with directions for further proceedings as herein indicated.