Medlock, &c., v. Suter, &c.

CASE 21—EQUITY—FEBRUARY 16, 1882.

# Medlock, &c., v. Suter, &c.

APPEAL FROM OWEN CIRCUIT COURT.

In 1842 M. and wife, by verbal contract, sold to S. a tract of land belonging to the wife of M. In the same year, and after S.'s death, the vendors put S.'s wife and children in possession. In 1845 M. (whose wife had died) made a deed to the children of S. Possession was held by them and their vendors up to the institution of this suit in 1873, claiming the land as their own.

1. *Held*—That from the time the widow and children of S. went on the land their possession was adverse to the vendors' by parol.
2. The acceptance of the deed from M. after his wife's death did not change the character of the possession.
3. More than thirty years having elapsed from the time the cause of action first accrued, it is barred.
4. Sec. 4, art. 1, chap. 71, Gen. Stat., includes this case.

HALLAM & GORDON AND A. DUVALL FOR APPELLANTS.

1. The allegation that a married woman had made a sale of her real estate necessarily implies that she had made and acknowledged a written conveyance. A verbal contract of sale is utterly void.
2. The possession of a vendee by executory contract is that of the vendor, and no lapse of time will bar him. (3 Mar., 43; 4 J. J. Mar., 641; 6 *Ib.*, 163, 438; 18 B. Mon., 239; 1 Dana, 517; Smith v. Shackleford, 9 Dana, 475; Maramon v. Caldwell, 8 B. Mon., 33.)
3. Appellees having accepted the deed from Medlock, must be presumed to have held under it. (3 Bush, 445.)
4. No conveyance of land to husband and wife which descended to the wife could deprive the wife of her inheritance. (Simmons v. McKay, 5 Bush, 25; Moore v. Moore, 12 B. Mon., 664.)

GEORGE C. DRANE FOR APPELLEE.

1. In the division of the lands of Snelson, the father of Mrs. Medlock, her share was, by commissioners, conveyed to her husband and herself jointly, constituting them tenants by the entirety. (Rogers v. Grider, 1 Dana, 243; Ross v. Garrison, 1 Dana, 65; Thompson v. Peebles, 6 Dana, 388; Babbitt v. Scroggin, 1 Duvall, 73.) According to these authorities, the deed is confirmed by estoppel.
2. The possession of appellee is adverse, and the action is barred by limitation. (5 Peters, 439; 7 Bush, 532; Angell on Lim., 381; 1 C. & Mar. Eng. Rep., 549; sec. 4, art. 1, chap. 71, Gen. Stat.)

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

In 1835 John T., Tinsley M., and Martha Snelson, chil-- dren and heirs of Bartlet Snelson, deceased, conveyed to their sister, Elizabeth Medlock, and her husband, G. C. Medlock, 50 acres of land, reciting in the deed that in the division of lands of their father that tract fell to her lot as one of the children.

In 1842 Medlock and wife, as appellees contend, sold that tract by parol contract to her brother, Tinsley M. Snelson, who paid part of the purchase price, but died the same year, before paying the residue or taking possession of the land.

After his death Medlock and wife removed from the land, and, appellees contend, put Tinsley M. Snelson's widow and children in possession under the purchase, who have held it ever since, the widow until her death in 1872, and appellees, Matilda Suter, the only living child of Tins- ley M., and her husband, W. H. Suter, since that time.

January 15, 1845, G. C. Medlock, his wife having died in the fall of 1843, conveyed the land to the children and heirs of Tinsley M., reciting in the deed that the consideration for the conveyance was fifteen hundred dollars, part of which was paid in the lifetime of their father, and the balance was paid by his administrator.

In 1850 G. C. Medlock removed to the State of Missouri, and died there in 1864 or 1865.

This action was brought on the 15th of February, 1873, by the heirs at law of Elizabeth Medlock for the recovery of the land, and is before this court by appeal from the judgment of the lower court dismissing the petition.

Various grounds are relied upon by appellees in support of the judgment; but it is not necessary to consider any other than limitation.

Section 4, article 1, chapter 71, General Statutes, is as follows: "The period within which an action for the recovery of real property may be brought, shall not in any case be extended beyond thirty years from the time at which the right to bring the action first accrued to the plaintiff, or the person through whom he claims, by reason of any death, or the existence or continuance of any disability whatever."

This court, in the case of Conner and wife v. Donner, &c., 4 Bush, 132, construing section 5, article 1, chapter 43, Revised Statutes, which is identical with the section quoted, used the following language: "Conner and wife having the right of immediate entry and possession upon the death of Mrs. Conner's mother, of course the possession of their father and his vendee under the decretal sale was adverse to them, and though she was then a *feme covert* and under disability, yet this cannot protect her for more than thirty years under the recited statute. . . . . The legislative policy is to quiet all titles, notwithstanding disabilities, after thirty years' adverse possession; or, in other words, permits disabilities to prevent a bar by lapse of time for only thirty years."

According to the statute thus construed, it is plain that if the widow and children of Tinsley M. Snelson entered upon the land, and held the continuous adverse possession, claiming under him, for thirty years previous to the commencement of this action, the plea of limitation must avail appellees, although at the time the right to bring the action for the recovery of it first accrued Elizabeth Medlock, under whom appellants' claim, was a married woman.

It therefore becomes neccessary to determine, first, when they did enter and take possession, and second, what was the character of that possession.

Though there is some controversy as to the precise time Medlock and wife left the land and they entered, two or three witnesses state it was some time during the year 1842, and they are corroborated by the record of the county court of the county in which the land lies. Under an order of that court made in January, 1843, commissioners were appointed to divide the lands of Tinsley M. Snelson, and allot dower to his widow, and at the February term, 1843, of that court, their report was filed. From that report it appears that the 50 acres now in contest was treated as part of his estate; was surveyed and actually allotted by them to his widow as dower. We think it may therefore be taken as established that the widow and children of Tinsley M. Snelson took possession of the land some time during the year 1842, or at least previous to the 15th of February, 1843, and if so, more than thirty years elapsed from the time such possession was acquired until this action was commenced.

2. What was the character of the possession, or, in other words, when did the right to bring an action for the recovery of the land first accrue to Elizabeth Medlock, if ever?

That the possession by the widow and children has been continuous and uninterrupted from the time they first entered until the bringing of this action is undisputed, and that they entered and held under the purchase made by Tinsley M. Snelson is also shown.

Although it does not clearly appear that Elizabeth Medlock received any part of the purchase price, it does appear that she united with her husband in selling the land to her

brother, and after he died possession was given in pursuance of that sale to the widow and children with her knowledge and consent.

But whether she united in and consented to the sale, and in putting the widow and children in possession in pursuance of it, is not material except in determining as a question of fact whether the possession was, as to her, adverse or amicable. For, according to the only proper construction that can be given to the statute, it began to run at the time the right to bring the action first accrued to *her*, or from the time the holding adverse to *her* began. Otherwise, her disability of coverture would serve to extend the period in which the action might be brought beyond thirty years. But we do not mean to be understood as deciding that the statute would have run against her or her heirs at law, if appellees had entered and claimed under a purchase of the life estate of her husband only.

In this case there was no purchase of the particular estate of her husband, nor was the entry made under such purchase; but it was from both, and the possession was adverse to both or neither.

Though the sale was, as counsel for appellant contends, absolutely void as to her, and ineffectual to pass her title, it does not necessarily follow that the possession under it was amicable. For, as has been held by this court in the case of Hickman v. Owens, MS. Op., September, 1880: "An entry under a parol contract may be a disseisin, and the possession may ripen into a title;" and under the thirty-year statute the fact of the vendor being a married woman would make no difference.

But it is contended that the possession, being in this case under an executory contract, was, in contemplation of law,

the possession of Mrs. Medlock and those claiming under
.her, and that no lapse of time will bar them. Though a.
contract may be executory, and the entry of the purchaser
as in the legal character of a tenant at will or *quasi* tenants,
still he might hold adversely in *fact.* (Robertson v. Miller;
2 B. M., 283.)

A tenant or *quasi* tenant may, by his own act, not only
dissolve the relation of landlord and tenant, but render his
possession adverse. (Farron v. Edmonson, 4 B. M., 650;
Redford v. Thomas, 6 B. M., 332.) And whenever he
disclaims holding as tenant, the right of action immediately
accrues to the vendor, no notice to quit being necessary.
(Ross v. Garrison, 1 Dana, 36.)

And even under a parol contract of purchase, "when a
man holds and cultivates land as a purchaser, he holds and
cultivates it as his own, and not as the land of his vendor."
(Richmond and Lexington T. R. v. Rogers, 7 Bush.)

Whether the possession be considered as held under a
contract of sale that was void, and consequently without
color of title, or under an executory contract, and therefore,
in legal contemplation, the possession of Mrs. Medlock and
those claiming under her, we are of the opinion that, if in
*fact* the widow and children of Tinsley M. Snelson entered
under the purchase made by him, and held the actual open
possession of the land, using and claiming it for and as the
land of his children and heirs at law, such possession was
adverse, and the right to bring an action for the recovery of
it thereupon accrued to Elizabeth Medlock.

That the widow and children of Tinsley M. Snelson did
so enter, occupy, use, and claim the land as their own, with
the knowledge of Mrs. Medlock and her husband, we think
is clearly shown by the evidence. As, therefore, the right

to bring this action accrued more than thirty years before it. was commenced, appellants are barred by limitation.

But counsel for appellants contend that appellees, having accepted the deed from G. C. Medlock made in 1845, must be presumed to hold and to have held under it, and that: limitation did not commence to run against his wife or against his heirs until his death.

This is upon the assumption that he held only a life estate in the land.   But we do not consider it necessary to decide whether he held and conveyed by that deed only a life estate, or, as survivor of his wife, acquired the fee, because, in our opinion, the acceptance of the deed by the widow and children did not have the effect of changing the character of their possession, or to stop the running of the statute of limitation against Mrs. Medlock and those claiming under her.

Wherefore, the judgment is affirmed.

To a petition for a rehearing—

CHIEF JUSTICE LEWIS DELIVERED THE FOLLOWING RESPONSE:

The widow and children of Tinsley M. Snelson, deceased,. did not enter or claim under the purchase from the husband of Elizabeth Medlock merely, but they entered under a parol purchase by him of both husband and wife, and held and claimed the land openly, continuously, and adversely under that purchase for more than thirty years before this action was brought.

The right of action accrued to Elizabeth Medlock and her husband as soon as the widow and children entered under that purchase claiming adversely, and the statute applicable to this case, as well as the opinion of this court.

in the case in 4 Bush, 432, construing it, is plain and un-ambiguous. The fact of Elizabeth Medlock being under the disability of coverture at the time the adverse holding by the widow and children of T. M. Snelson began, and her right of action accrued, did not prevent the statute running against her.

Even if it be admitted that G. C. Medlock, the husband, had only a life estate in the land, still the deed to the children of T. N. Snelson, made by him in 1845 after his wife's death, did not have the effect to change the character of the possession previously taken and then held by them, or to stop the running of the statute. For the deed was made in pursuance of the purchase made by T. M. Snelson before he died, and it was an acknowledgment of the payment by him of a part of the purchase price; and, besides, the deed did not purport to convey the life estate of G. C. Medlock merely, but the fee.

It was not deemed necessary in the original opinion, nor is it necessary here, to determine whether G. C. Medlock held only a life estate in the land, or, as survivor of his wife, held, under the joint deed to them, the fee; for whether he held the one or the other, would not avail appellants.

Petition for rehearing overruled.