Johnson, &c., v. Sweat, &c.

CASE 62    EQUITY—NOVEMBER 6, 1883.

# Johnson, &c., v. Sweat, &c.

APPEAL FROM BUTLER CIRCUIT COURT.

1. Appellant, Mrs. Johnson's, cause of action for the recovery of her land, which her husband attempted to convey, exists before his death.

2. The statute of 1846 provides for the alienation of the wife's land by a *joint conveyance* by husband and wife, and it results, that unless the wife joins in the conveyance, it is void as to her.

3. Prior to the adoption of that statute, it had been held that a conveyance by the husband of the wife's land was operative during his lifetime, and in such case the wife's right of action did not accrue until his death.

4. Appellant's cause of action had not accrued for thirty years, when her suit was instituted, and therefore the statute does not apply.

LYSANDER J. SMITH AND E. W. HINES FOR APPELLANTS.

1. The wife can only part with her title as provided by the statute. The consent of the husband has no significance.

2. The wife's right of action accrues as soon as the husband attempts to dispose of her land. (Kennedy v. TenBroeck, 11 Bush, 251; Gen.

Johnson, &c., v. Sweat, &c.

Stat., ch. 24, secs. 19, 20, 21; ch. 52, art. 2, sec. 4; ch. 63, art. 1, sec. 4; Smith v. White, 1 B. Mon., 18; Bartlette v. Shackleford, 6 J. J. Mar., 553; Scarborough v. Watkins, 9 B. Mon., 49; 4 Dana, 123.)

WM. WARD ʏᴏʀ ᴀᴘᴘᴇʟʟᴇᴇꜱ.

1. Appellant, Mrs. Johnson, frequently represented to Martha Sweat and others that she had sold the land to R. M. Johnson, and had made a good title to it.

2. Her husband having sold and conveyed the land, Mrs. Johnson cannot recover until his death, if at all. (Miller v. Shackelford, 3 Dana, 293; Edrington v. Harper, 3 J. J. Mar., 360; Woodruff v. Detheridge, 6 J. J. Mar., 370; McLean v. Gregg, 2 A. K. Mar., 457; Acts 1845-'6; 3 Bush, 702; 8 B. Mon., 542; 7 Bush, 298; 3 Ib., 360; 14 B. Mon., 517; 3 Mon., 75; Ib., 291; 3 J. J. Mar., 636; Stafford v. Steele, 7 Ib., 343; Boyd v. Snelling, 7 Mon., 415; Murphy v. O'Reilley, 78 Ky., 263.)

JUDGE HINES ᴅᴇʟɪᴠᴇʀᴇᴅ ᴛʜᴇ ᴏᴘɪɴɪᴏɴ ᴏꜰ ᴛʜᴇ ᴄᴏᴜʀᴛ.

When we considered this case before, we were misled by counsel into saying that the thirty years' statute applied, and that the judgment should be affirmed. Counsel insisted that the statute was not well pleaded, but made no question as to the sufficiency of the proof to support the plea; so that, when we had decided that it was well pleaded, we applied it without a careful examination of the evidence. After carefully reading all the evidence, we must conclude that the thirty years' statute does not apply. R. M. Johnson, appellees' vendor, testifies that he purchased the land in 1848, and as this action was instituted in September, 1877, the thirty years had not elapsed. There is nothing else in the record upon which an affirmance can be based, notwithstanding the manifest justness of appellees' claim. There is evidence strongly tending to show that estoppel might have been applied to appellant, but by some oversight the record does not show whether the representations of Mrs. Johnson that she had sold the land to R. M. Johnson and made him a good title were made to Sweat

before or after his purchase from R. M. Johnson. As the record shows that Mrs. Mary Johnson never divested herself of title, and that she has been under the disability of coverture since R. M. Johnson began to claim the land, the judgment must be reversed, and cause remanded, with directions for further proceedings consistent with this opinion.

To a petition for a rehearing—

JUDGE HINES DELIVERED THE FOLLOWING RESPONSE.

This is an action by husband and wife to recover possession of land belonging to the wife, which the husband sold in 1848—the wife not joining in a conveyance. The question presented is, does a cause of action arise on behalf of the wife until the death of the husband? The determination of that question depends upon the construction of the act of February 23d, 1846. (Acts '45 and '46, page 43.) That act provides that the land of the wife shall not be "subject to the debts of the husband, or be levied on, or attached or sold, or executed, for any of his debts, created or arising either before or after marriage;" and further provides that the husband and wife, by joint conveyance, may dispose of the land of the wife. Prior to the adoption of that statute it had been held that the husband could sell and convey the land of the wife so as to be operative during the life of the husband, and consequently that in such case the wife's right of action did not accrue until the death of the husband. (Miller v. Shackelford, 3 Dana, 292.)

The General Statutes, chapter 47, article 2, expressly provides that the husband shall have no interest in the land of the wife except the right to rent not exceeding three years. Under this statute there is no question that the husband

has no power of alienation of the lands of the wife, and we think it is equally as true in regard to the act of 1846. In that act the husband is, by implication, restrained of any right in the lands of the wife, except such as comes to him by curtesy, while in the General Statutes it is said in terms that the husband shall have no interest in such lands, except to rent as stated. The provisions of the act of 1846 exempting the lands of the wife from the debts of the husband necessarily conveys the idea that the husband has no interest in the land which is transferable by him—otherwise he must be construed to hold a beneficial interest which is vendible —not subject to his debts—contravening the spirit of the act of 1792, re-enacted in the General Statutes, chapter 80, section 23, which holds that all property held in trust shall be subjected to the debts of the person for whom it is so held.

Petition overruled.