CASE 18—LIMITATION—MAY 24, 1884.

# Mantle, &c., v. Beal.

APPEAL FROM BALLARD COMMON PLEAS COURT.

1. Where there is a sale executory, or executed by both husband and wife, or an agent for them, and the purchaser enters upon the land claiming under his purchase, the *feme* will not be allowed after the lapse of thirty years to claim that the disability of coverture prevented her from making an executory contract. *Gen. Stat., chap. 71, art. 1, sec. 4.*

2. Husband and wife jointly executed a title bond for the conveyance of a tract of land in which she held the fee, appellants having entered upon the land under the purchase, kept and held possession of it for thirty-five years; held that the possession having been taken and held under her title as well as that of the husband, notwithstanding her coverture the wife is barred by the "thirty years" statute.

3. The statute is beneficent as well as salutary, and the construction given to it gives protection to those whom the law making power designed to protect.

J. W. BUGG, WHITE & REEVES AND BIGGER & REID FOR APPELLANTS.

1. The Legislature evidently had a purpose in passing the statute of limitations, and that purpose was to shorten the time on which certain actions for the recovery of real estate should be brought.

2. By all previous statutes of limitation in regard to land, the existence of disabilities had the effect to prevent their running until they were removed.

3. Therefore, under the thirty years statute, in all cases where persons enter as purchasers, live on and cultivate the land for that length of time, no action can be brought to eject them whether disabilities existed or not. Johnson v. Jones, 12 B. Mon., 326; Thomas v. Hall and Wife, 2 Duv., 234; Harden v. Girard, 10 Bush, 259; Medlock v. Suter, 80 Ky., 101; Bransom v. Thompson, 81 Ky; 2 Mct., 185; Barnett v. Coburn, 3 *Ib.*, 511; Turner v. Thomas, 13 Bush, 524–525; Act July 23, 1846, p. 42, Rev. Stats., 387; Gen. Stats., ch. 71, art. 1, sec. 4.

NICHOLS & HAWES FOR APPELLEE.

1. The mistake made by the counsel for appellants lies in treating a married woman *without* a cause of action in the same light as a married woman who has a cause of action, but whose disability prevents her from asserting it.

2. In Medlock v. Suter, 80 Ky., 100, the husband and wife sold the land by parol in 1842, and the vender entered shortly after claiming and holding the land for thirty years. This court treats the parol sale as void, binding neither wife nor husband. This being so, the cause of action occurred as soon as the vender took possession.

3. The section of the Gen. Stats. relied upon by appellants has no application to this cause. Metts v. Shackleford, 3 Dana, 283; Same v. Same, 4 *Ib.*, 265; Shackleford v. Smith, 5 *Ib.*, 232; Smith v. Shackleford, 7 *Ib.*, 452; Gregory v. Ford, 5 B. Mon., 271; 8 B. Mon., 32; Stevens v. McCornie, 5 Bush. 181; Gen. Stats., ch. 71, art. 1, secs. 1, 2, and 4; Bodley v McCord, 4 J. J. M., 475; 5 B. Mon., 161; 4 Bush, 655.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This was an action of ejectment, the appellees claiming under the patent of one Leven Gallie. The patentee died more than fifty years before this action was instituted, leaving one child married, Alice, who married Edward Beal in the year 1830. They had several children, and the plaintiff (appellee) purchased all the interest of his brothers and sisters in the land, making him, so far as they were concerned, the real owner. Beal and his wife died in the year 1878, having first sold the land by title bond through an agent to the vendors of their appellants, or those under whom they claim.

Beal and wife sold as early as the year 1843, according to the testimony of some of the witnesses, and from the reply of the appellee to the answer of these appellants, it appears that the sale was made in 1846. The appellants had entered on the land under their purchase, and had possession of it under this title for not less than thirty-five years prior to the bringing of this action, the action having been instituted in the year 1880. The defense was the thirty year statute of limitations, and we see no reason why it should not have prevailed.

If the sale was made in the year 1846, subsequent to the statute passed and approved in the month of February of that year, then the right of entry existed at any time on the part of the husband and wife, as the husband had no power to dispose of his wife's land by reason of that enactment, but it is contended in this case that the sale was made prior to the year 1846, and that the executory contract of the husband and wife, or by their agent, passed the life estate of the husband to the purchaser, and deprived the wife of the right to enter until her husband's death. That then, for the first time after the sale, the cause of action accrued to the wife.

This rule would apply if the husband had sold his covetery only, or would be applicable under the statute of fifteen years, but under the thirty year statute when there is a sale executory, or executed by both husband and wife, or an agent for them, and the purchaser enters, claiming under his purchase, the *feme* will not be allowed after the lapse of thirty years to say that the disability of coverture prevented her from making an executory contract. After such a lapse of time her coverture is no protection, and the entry having been made under her title as well as that of the husband, the thirty years statute is a complete bar to the recovery. In the case of Conner and wife, 4 Bush, the entry and possession was against the claim of the wife, and the thirty years was held to be a bar to the recovery, while, if it had been less than thirty years, the disability would have protected the *feme* if brought within proper time after the removal of the disability.

In Medlock v. Suter, there was a parol sale by the

Mantle, &c. v. Beal.

husband and wife, and an entry and possession under it for thirty years, and this court held that it barred the recovery, upon the ground that it was an entry under the title of both, and the heirs of the *feme* would not be allowed to say that it was void as to her, because she was laboring under the disability of coverture. It was held in that case that the legislative policy was to quiet the titles, notwithstanding disabilities after thirty years adverse possession; or, in other words, will not permit disabilities to prevent the running of the thirty years statute.

It is argued that the sale in the case of Medlock v. Suter was by parol in 1842, and that being in parol nothing passed from either husband or wife, and, therefore, the right of entry existed; but in this case the right did not exist, because the title of the husband passed. This would be holding that if the sale was by parol on the part of the husband and wife, the statute would run, but if, in writing by the same parties, it would not run (that is, the higher the grade of the evidence as to the contract the less virtue there is in the thirty years statute), such should not be the construction of a statute intended to perfect and quiet titles after a continued possession under a claim of ownership for the period of thirty years. If the husband had sold his covetery, or the life-tenant his interest only, no cause of action accrues to these in remainder until the termination of the life estate, and then the statute begins to run and not before; but when the life-tenant and the owner of the fee both unite in the sale and undertake to pass the fee, a possession by the purchaser, under his purchase for thirty years, will

give him title as against both the grantors, and neither will be allowed to rely on the disability of infancy or coverture to oust the purchaser. It is not so much a question as to when the cause of action accrued, but a question as to whether the title passed after the thirty years, and there is no doubt but it would have passed but for the disability. Suppose the married woman had sold without uniting her husband, the title would have passed or became perfect after the claim and possession of thirty years under it, as the disability after such a lapse of time affords no protection. In this case, as said in Medlock v. Suter, there was no purchase of the particular estate from the husband, but the purchase was made of both the husband and wife of the absolute estate, or the sale made by the agent for both parties, and the entry made and possession taken under it, and now, after the lapse of thirty years, it is insisted that the entry under the wife was void, because her disability prevented her from making the contract. Under the thirty year statute, the fact that the vendor was a married woman can make no difference, and whether the entry and possession was under an executory or an executed contract is equally immaterial.

This case illustrates the wisdom of the construction adopted in Medlock v. Suter. Here the parties have entered upon the land in controversy under the title of both husband and wife, and have been in the undisturbed possession for at least thirty-five years; have made improvements, cleared up their lands, and when near a half a century has elapsed they are told that a remote vendor was a married woman, and her contract being void they must surrender their homes.

"The period in which an action for the recovery of real property may be brought, shall not in any case be extended beyond thirty years from the time at which the right to bring the action first accrued to the plaintiff, or the person through whom he claims by reason of any death, or the existence or continuance of any disability whatever." Section 4, article 1, chapter 71, General Statutes. In the case of Bronson v. Thompson, appealed from the Lyon circuit, it is said: "Where there is a sale, and the party could have sold but for the disability of infancy or coverture—the thirty years statute runs—because the disability under that statute, affords no protection. This is not the rule applicable to any other statute, and the thirty years statute was enacted so as to prevent parties from recovering for no other reason than that they were infants or *feme coverts.*"

And in Medlock v. Suter, 80 Ky., the court said: "There is a point at which no right of action exists for the recovery of land, or rather where the action is barred, and this period is fixed at thirty years, although the party making the sale was laboring under a disability at the time of making the same."

In this case we understand from the testimony of the appellee that the sale was made by the husband and wife, or the agent of the husband and wife, and for both; if so, the thirty years statute should have prevented the recovery.

The judgment below is, therefore, reversed, and cause remanded with directions to award a new trial, and for proceedings consistent with this opinion.

In a petition for rehearing—

JUDGE PRYOR RENDERED THE FOLLOWING RESPONSE:

Conceding all that is said by counsel as to the right of the husband and wife in the year 1830, when the marriage took place, in 1843 they sold the absolute estate. It may have been void as to the wife, either by reason of its being executory or by a defective acknowledgment, still the cause of action would have accrued to the wife but for her disability. The attempt to sell, and the possession is taken under her title, and held for thirty years, and there is no reason for allowing a recovery, except on the idea that she was a *feme covert* when she did sell. If the disability does not apply to the accrual of the cause of action, but is used to protect those who are laboring under such disabilities, then the thirty year statute amounts to nothing. All the response the party suing has to make to a plea of the statute is, that the cause of action did not accrue, because she was a *feme covert* or an infant.

It is not that the wife is the remainderman or reversioner in this case that protects her, but it is because she was a *feme covert* when the sale was made, and to adopt the views of counsel would be to subvert the very purpose of the statute. No cause of action accrue to the remainderman or reversioner until the particular estate is terminated, whether under disability or *sui juris*, but this thirty years statute was enacted to prevent those from recovering realty that had been sold by them or held against them for thirty years on the ground that they were infants or *feme coverts.*

This is a highly equitable and beneficent statute, and

instead of being iniquitous, the construction passed upon it protects those the law maker designed to protect. Can there be any hardship in saying to the *feme covert* or the infant that after thirty years possession under a sale made by you, the purchaser shall not be disturbed for the reason that you were under such a disability when you sold as made your contract void.

The purchaser has parted with his money, and feeling secure in his possession and title after the lapse of half a century, is told that some remote vendor, who sold thirty-five years before suit brought, was unable to make sale because laboring under the disability of coverture.

The construction given the statute in Medlock v. Suter was fully considered, and the opinion in that case gives the statute a practical application and sustains a wise and judicious Legislature.

Petition overruled.