CASE 65—PETITION ORDINARY—MARCH 26.

# Butler, &c. v. McMillan, &c.

APPEAL FROM MASON CIRCUIT COURT.

1. LIMITATION—THIRTY YEARS' STATUTE.—Where the husband sold and conveyed the wife's land prior to the act of 1846, no right of action accrued to the wife until the death of the husband; and if the husband survived the wife, and became tenant by the curtesy upon her death, no right of action accrued to the wife's heirs against the purchaser from the husband until the husband's death; and limitation did not begin to run against them until that time, although the purchaser may have been in possession more than thirty years. The thirty years' statute does not apply in such cases unless the wife united in the sale by the husband.

2. IRREGULARITY IN PARTITION CURED BY LONG ACQUIESCENCE.—After the parties in interest have acquiesced in the partition of land for more than fifty years, it is then too late to raise any question as to the regularity of the partition.

COCHRAN & SON FOR APPELLANTS.

1. A conveyance by the husband alone, in 1818, of the wife's land, and possession thereunder by the purchaser for more than thirty years after the death of the wife, gives good title by limitation.  (Gen. Stat., chapter 71, article 1, section 4; Conner v. Downer, 4 Bush, 631; Medlock v. Suter, 80 Ky., 101; Bransom v. Thompson, 80 Ky., 387; Mantel v. Beal, 82 Ky., 122; Bradley v. Burgess, 10 Ky. Law Rep., 701.)

2. Prior to 1846 there was a right of action in the wife, jointly with the husband, to recover land in the adverse possession of another.  (Dicey on Parties to Actions, 412; Chitty on Pleadings, volume 1, page 75; Torrence v. Patterson, 5 Dana, 294; Chambers v. Handley, 3 J. J. M., 98; Fauntleroy v. Grow, 3 B. M., 140; Petty v. Malier, 14 B. M., 198.)

3 Title to real estate can not be divested by a decree or judgment of a court; it can only be divested by a deed.  (Mummey v. Johnson, 3 Mar., 221; Downing v. Collins, 2 B. M., 97; Fauntleroy v. Henderson, 2 B. M., 450; Dickerson v. Talbot, 14 B. M., 72.)

4. An outstanding equity will neither maintain nor bar ejectment.  (Gilpin v. Davis, 2 Bibb, 417; Coleman v. Cary, 1 Mar., 440; Botts v. Shields, 3 Litt., 37; Stenebaugh v. Wisborn, 13 B. M. 468.)

WALL & WORTHINGTON AND WARDSWORTH & SON FOR APPELLEES.

1. A sale by the husband of the lands of his wife, prior to February 23, 1846, the wife not joining in the conveyance, no right of action to recover the land accrues to the wife, or to those claiming through her, until the death of the husband; and there can be, during that time, no adverse holding as against the wife, or those claiming through her.

2. A party to a partition suit is estopped from showing that, at the time of the partition, he was holding any part of the premises in severalty adversely to his co-tenants.

3. A husband is entitled to curtesy in the equitable, as well as in the legal, estate of his wife in land.

4. One entering under a title is estopped to deny the validity of his vendor's title, by evidence of an outstanding title in another.

Dyer v. Wittler, 89 Mo., 81; Webber v. Gibson 8 Ky. L. Rep.. 125; Watkins v. Easten, 1 Mar., 402; Martindale on Conveyances, 89; Thuston v. Masterson, 9 Dana, 233; Gutherie v. Lewis, 1 Mon., 144; Jackson v. Hudson, 3 Johnson, 375; Freeman on Co-tenancy and Partition, sections 241, 396, 530; 1 Wharton on Evidence, section 631; Bennett v. Runyon, 4 Dana, 424; Harle v. McCoy, 7 J. J. M., 318; Hamilton v.

Taylor, Lit. Select Cases, 444; Sedgwick & Wait on Trial of Title to
Land, section 803; Louan v. Wilson, 9 Ky. L. Rep., 83; Woolfolk v.
Ashby, 2 Met., 289; 2 Greenleaf on Evidence, section 307; Am. and
Eng. Encyclopedia of Law, volume 6, page 245; McClain v. Gregg, 2
A. K. M., 454; Warfield v Lindell, 77 Am. Dec., 620; Medlock v. Su-
ter, 80 Ky., 101; Addison v. Crow, 5 Dana, 281; Lyne v. Bank of Ky.,
5 J. J. M., 570; Miller v. Shackelford, 4 Dana, 261; Ogden v. Walker,
·6 Dana, 420; Miller v. Searls, 65 Am. Dec., 592; Barnard v. Whip-
ple, 70 Am. Dec., 422; Brooks v. Chaplin, 23 Am. Dec., 209; Mer-
·chants' Bank v. Harrison, 93 Am. Dec., 285; Smith v.. Lindsey, 89
Mo., 76; Griffin v. Sheffield, 77 Am. Dec., 646; Yowke v. Darnall, 5
Litt., 319; 1 Chitty on Pleadings, 186, 190; 3 Washburn on Real Prop-
·erty, 127, 47; Johnson v. Sweat, 81 Ky., 394; Taylor v. Shemwell, 4
B. M., 578; Gill v. Fauntleroy, 8 B. M., 188; Miller v. Shackelford, 3
Dana, 295; Vanarsdale v. Fauntleroy, 7 B. M., 402; Stephens v. Mc-
Cormick, 5 Bush, 181; O'Dell v. Little, 82 Ky., 146; Bradley·v. Mis-
·souri Pacific Railway Co., 4 S. W. R., 427; Bransom v. Thompson, 81
Ky., 391; Hardin v. Gerard, 10 Bush, 259; Tyler on Infancy and Cov-
erture, 768; Smith v. Long, 1 Met., 486; Pearce v. Patton, 7 B. M.,
162; Cooley's Constitutional Limitations, 451; Wood .on Limitations,
27, 335; Parsons v. Copeland, 54 Am. Dec., 628; Jones v. Edwards, 78
Ky., 6; Price v. Hopkins, 13 Mich., 318; Smith v. Shackelford, 9 Dana,
475; Drane v. Gregory, 3 B. M., 619, Murray v. Fishback, 5 B. M.,
403; Gregory v. Ford, 5 B. M., 471; 1 Washburn on Real Property,
335; 3 Washburn on Real Property, 141, 143, 137; 3 Smith's Leading
Cases, 603; Winn v. Wilhite, 5 J. J. M., 522; Sedgwick & Wait on
Trial of Title to Land, sections 749, 305; Wood on Limitations, 539, 536,
528; Jackson v. Sharp, 9 Johnson, 167; Rung v. Shomberger, 26 Am.
Dec., 100; Proprietor Kenebeck v. Springer, 3 Am. Dec., 227; Hunt-
ington v. Whaley, 29 Con., 391; Schwallback v. Chicago Ry. Co., 69
Wis., 291; 3 Wait's Actions and Defenses, 100; Sprigg v. Albins, 6 J.
J. M., 162; Drew v. Towle, 64 Am. Dec., 313; Higginbotham v. Fish-
back, 1 Mar., 506; Angel on Limitations, 421, 375; Williams v. Cash,
73 Am. Dec., 739; Stamper v. Griffin, 65 Am. Dec., 628; Dean v. Brown,
·87 Am. Dec., 553; Gueno v. Munson, 31 Am. Dec., 605; Jackson v.
Johnson, 15 Am. Dec., 433; Beal v. Brooks, 7 J. J. M., 232; Hender-
son v. Drupn, 82 Ky., 682; Bose v. Queny, 6 Am. Dec., 713; McCon-
nell v. Bowdry, 4 Mon., 395; Numbers v. Shelley, 78 Penn St., 426;
Richard v. Williams, 7 Wheaton, 105; Freeman on Judgments, sections
·304, 330, 417; Forder v. Davis, 38 Mo., 115; Venable v. Beauchamp, 3
Dana, 321; Carr v. Givens, 9 Bush, 680; Starkie on Evidence, volume
2, part 2, page 899; Davis v. Tingle, 8 B. M., 541; Robinson v. Miller,
1 B. M., 88; 2 B. M., 284; Williams on Real Property, 219, 224; Wood-
ruff v. Detheridge, 6 J. J. M., 368; Kirk v. Nichols, 2 J. J. M., 469;
Meraman v. Caldwell, 8 B. M., 32; Connelly v. Childes, 2 A. K. M.,

242; Carrico v. McGee, 1 Dana, 5; Hedges v. Ward, 15 B. M., 106; Spradlin v. May, 7 Ky. L. Rep., 231; Stephens v. Winship, 1 Pickering, 327; Wills v. Price, 9 Mass., 509; Wallingford v. Hearl, 15 Mass., 471; Jackson v. Mansius, 2 Wend., 357; Earl of Pomfrét v. Lord Winson, 2 Vesey, Sr., 482; Tomlin v. Hilyard, 92 Am. Dec., 120; Freeman on Co-tenancy and Partition, sections 398, 400, 531; Mantle v. Beal, 82 Ky., 122; Shackelford v. Smith, 5 Dana, 240; 1 Greenleaf on Ev., sections 103, 104, 527a, 539; 1 Taylor on Ev., section 650; Barr v. Gratz, 4 Wheaton, 220; 2 Wharton on Ev., section 824; 2 Taylor on Ev., section 1668.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

At the death of Benj. Clark, that took place many years since, his lands, lying in Mason and Fleming counties, were divided between his children. A part of the land in the division fell to Mrs. Mary McMillan, the wife of Andrew F. McMillan and daughter of the intestate. There is some question made as to the regularity of the partition, but it appears that the children took possession of their respective parcels and have been in the possession for more than half a century, and it is now too late to raise such an issue.

On the 28th of February, in the year 1817, the husband of Mrs. McMillan sold, by executory contract, the entire parcel of land allotted to his wife, to his brother-in-law Walter Lacey, by the terms of which he was to execute to Lacey a deed on or before the 28th of Februay, 1818. This bond for title was signed by the husband alone, the wife not being a party to the agreement. The consideration was $8,000, the greater part of which has been paid.

In 1819 the wife of McMillan died, leaving her husband and an infant daughter surviving her. The husband, Andrew McMillan, died in the year 1870, having married

his second wife and leaving children by her. His daughter by his first wife married a man by the name of Miller, and died after her father without leaving a child surviving her, and, therefore, her half-brothers and sisters were the next-of-kin and entitled to the realty left by her. Lacey, to whom this land was sold, took possession, and has continued in possession or those claiming under him, until this suit was brought, having paid all of the purchase money but the last payment. One of the heirs of Lacey was allotted a portion of this land, and dying, left surviving her two children, who are the appellants: here. The children by the last wife of McMillan, as the heirs-at-law of his daughter by his first wife, instituted this action of ejectment to recover of Snyder & Whittaker the land, or a part of it, that had been sold by McMillan, and that belonged to his wife, to Lacey in 1817.

The only defense to this action is the statute of limitation of thirty years. The title is perfect and, in fact, each party is claiming title through the original owner, Benj. Clark. It is at least conceded that the land belonged to Mrs. McMillan, the daughter of Clark, and that her husband sold it as her land to Lacey and gave his bond for title. It is attempted to be maintained that the statute of limitation applies although the life estate of McMillan intervened between the death of Mrs. McMillan in the year 1819 until the year 1871, because Lacey was in the possession from February, 1817, claiming under the title bond of McMillan. "The period within which an action "for the recovery of real property may be brought, shall "not in any case be extended beyond thirty years from "the time at which the right to bring the action first

" accrued to the plaintiff or person through whom he
" claims, by reason of any death or the existence or con-
" tinuance of any disability whatever." The cases of Con-
ner and wife v. Downer, 4 Bush, 631; Medlock v. Suter, 80
Ky., 101; Branson v. Thompson, 81 Ky., 387; and Mantle
v. Beal, 82 Ky., 122, are relied on in support of the defense to
this action.   We think those cases are clearly distinguish-
able from the case under consideration. In Conner v.
Downer, the land was sold on the petition of Conner and
wife and the other co-heirs in the year 1835. After the
lapse of thirty years, the husband and wife brought an
action to recover the land, on the ground that they knew
nothing of the proceeding to sell; that the action was
brought without their knowledge, and they had received
none of the proceeds of sale.   Here was a sale of the
interest of both husband and wife, and after the lapse of
thirty years it was too late to question the jurisdiction of
the court over the parties or the land sold, or, if not, the
right of entry existed on the part of both husband and
wife from the time the sale was made, and there was no
excuse for the laches apparent in that case.   In Medlock
v. Suter it clearly appeared that both the husband and
wife sold the land by parol in the year 1842, and it was
then held that the right of action accrued to both Medlock
and his wife as soon as their vendee entered and claimed
to hold the land as his own.   In Mantle v. Beal, the
husband, who was the life tenant, or held as long as the
wife lived, and the wife, who owned the fee, united in the
sale, and after the lapse of thirty years the disability of
coverture did not protect them because the wife is pre-
cluded by the statute from making such a defense.   The

disability is removed by reason of the lapse of time, and the conveyance or sale becomes as binding after the period of thirty years, with the possession in the purchaser, as if all the parties were *sui juris*.

In this case the thirty years' statute has no application, for the reason that the husband, having sold the land long prior to the statute of 1846, was then a life tenant and his interest passed to the purchaser, Lacey, the wife of McMillan having no right of entry or cause of action until the death of her husband. But it is argued that if Mrs. McMillan had signed the title bond, the life estate of her husband would have been in the way, although her contract was void, and the same would apply in each state of case, preventing the wife from a recovery.

This argument would have much force but for the statute of thirty years, that sanctifies the sale and removes the disability. The statute says it can not be pleaded. You will not be allowed to say that you were a *feme covert* when you sold. Here the wife never parted with her title, or attempted to do so, either in writing or by parol; but the life tenant sells his interest to one who is now claiming to hold adversely to the title he purchases, and when the wife has no cause of action or right of entry. Adopting the views of counsel for the appellant, it would result that the tenant for life could always bar the remainderman by conveying the absolute. title, and if the purchaser remained in the possession for thirty years, although the period during which the life tenant lived, those in remainder would be denied the right of recovery. All the cases have preserved the remainder by holding, that unless there was a sale by the

one laboring under disability, the statute did not commence to run until the disability was removed. In Webber v. Gibson, 8 Ky. Law Rep., 125, this doctrine was announced, and in Johnson v. Sweatt, 81 Ky., 394, it was held, that where the husband, before the act of 1846, sold the land of his wife, the wife's right of action did not accrue until the death of the husband. See, also, Stephens v. McCormick, 5 Bush, 181. The husband had the right to alienate this land during the joint lives of himself and wife, and if a recovery had been obtained, in an action by both, of the wife's land, it would have been for the benefit of the husband during his life. So the husband, having the right to sell, although selling a greater interest than he had, could not have maintained an action against Lacey, who was the purchaser from him and in the possession, nor could the wife, for the reason that the title and possession of the husband passed by the sale, which was for and during their joint lives. The wife of McMillan dying, leaving a child by him, he became the tenant by the curtesy, and no cause of action accrued to the child of Mrs. McMillan until the death of his father, in the year 1870. (Neal v. Robertson, 2 Dana, 88; Williams v. Morgan, 1 Littell, 168; Smith v. Long, 1 Met., 487.)

Perceiving no error in the judgment below, the same is now affirmed.