CASE 79 —PETITION ORDINARY TRANSFERRED TO EQUITY—
APRIL 12.

# Bankston, &c., v. Crabtree Coal Mining Company.

### APPEAL FROM HOPKINS CIRCUIT COURT.

1. CONVEYANCE BY HUSBAND OF WIFE'S LAND— LIMITATION.—Since the statute of 1846 the husband has had no vendible interest in the wife's land; and as a deed executed by the husband in 1871, attempting to convey the land of the wife, in which the name of the wife appeared only in the attesting clause, and then for the purpose, as recited, of relinquishing dower, must be regarded as the deed of the husband alone, it passed no interest to the grantees, and the wife's right of action accrued at once upon their entry.

2. SAME.—Where one to whom a cause of action for the recovery of land accrues is at the time under the disability of infancy or coverture, action can be brought after the lapse of fifteen years only in the event it is brought within three years after the removal of the disability. And where the disability is removed as much as three years before the expiration of the fifteen years, it would seem that the right to sue should be limited to fifteen years, as in cases where there has never been any disability. But even if three years after the expiration of the fifteen years is to be allowed, the action in this case is barred.

3. SAME.—If the conveyance in this case be regarded as one in which the wife "joined" within the meaning of section 6 of article 1, chapter 71, General Statutes, her right of action was barred after the lapse of three years from the removal of the disability, without regard to whether fifteen years had elapsed since the cause of action accrued, there being sufficient evidence to support the finding of the lower court that the plaintiff was twenty-one years of age at the time the deed was executed.

THOMAS G. POORE AND THOMAS H. HINES FOR APPELLANT.

1. Mrs. Roden did not "join with her husband in the conveyance of her land," nor did she acknowledge any such conveyance, but expressly limits the instrument she signed with her husband to the release of dower. For this reason and the further reason that Mrs. Roden was under twenty-one years of age when she signed the deed with her husband, Roden, the three years statute does not apply. (Gen. Stats., chap. 71, art. 1, sec. 6; Hatcher & wife v. Andrews, 5 Bush, 561; Hedger v. Ward, 15 B. M., 116.)

2. A married woman can not divest herself of title to her realty in any

other manner than that prescribed in the statute, nor can the court undertake to reform a deed that she may have signed so as to make it conform to her supposed intention. (Meler v. Blume, 80 Mo., 184; Schouler's Domestic Relations, sec. 94, p. 151.)

3. Where the husband conveys the wife's land without her joining in the deed, the statute of limitations does not begin to run against the wife until she becomes discovert, and then the statute must run fifteen years before the wife is barred of her right to recover the land. (Stephens v. McCormick, 5 Bush, 182.)

SOL. F. CLARK on same side.

1. The court erred in transferring the action to equity. (3 Pomeroy's Equity, sec. 1374; Newman's Pleading and Practice, 125, 239 to 241; Bennett & wife v. Titherington, 6 Bush, 70.)

2. Neither the deed nor the acknowledgment of the deed of a married woman can be reformed in equity. (Abbott's Trial Evidence, p. 174; Williams v. Gatmen, 53 Miss., 721; Bishop on Contracts, sec. 926; Boone's Law of Real Property (Pony series), sec. 374; Butler v. Buckingham, 5 Day, 492; Dunlop v. Mitchell, 10 Ohio, 117; Bresser v. Kent, 61 Ill., 426).

3. A release of dower operates only by way of estoppel, and then only in behalf of the husband's purchaser. It can never take effect as a grant. (Stewart's Husband and Wife, sec. 272; Reiff v. Horst, 55 Md., 42, 47; French v. Lord, 60 Me., 527, 542; Mallory v. Horan, 12 Abb. Pr., N. S., 289, 295; Ketzmeller v. Van Rensselaer, 10 O. St., 63; Robinson v. Bates, 3 Met., 40; Dearborn v. Taylor, 18 N. H., 153.)

4. Limitation did not begin to run until the husband's death, and the action was not barred until fifteen years from that time. (McLain v. Edwards, 6 B. M., 210; 1 Bishop on Married Women, secs. 535, 537, 538, 568; Miller v. Miller, Meigs' Rep., 484; Eaton v. Whittaker, 18 Conn., 222; Butterfield v. Beall, 3 Ind., 203; Bruce v. Wood, 1 Met., 542; McLain v. Gregg, 2 Mon., 260; Stephenson v. McCormick, 5 Bush, 181; Bailey v. Duncan, 4 Mon., 260; Merriman v. Caldwell, 8 B. M., 33; Miller v. Shackleford, 3 Dana, 299; Oldham v. Henderson, 5 Dana, 256.)

WADDILL & NUNN, C. J. WADDILL and EDWARD W. HINES FOR APPELLEE.

1. Since the act of 1846 the husband has had no vendible interest in the wife's land, and therefore if the deed of April 13, 1871, be regarded as the deed of James H. Roden alone, it passed nothing, and the wife's right of action accrued at once. (Johnson v. Sweat, &c., 81 Ky., 392; Butler, &c., v. McMillan, &c., 88 Ky., 414.)

2. Limitation as to actions for the recovery of real property runs as to persons under disability, and the only difference between them and other persons is that the bar can not become complete as to them until three

years after the disability is removed. If the disability is removed as much as three years before the expiration of the fifteen years, then the action is barred at the end of fifteen years as in other cases. (O'Dell v. Little, 82 Ky., 146)

3. Even if the cause of action is to be regarded as not accruing until the death of the husband, still the action is barred. Section 6, of article 1, chapter 71, General Statutes, was intended to cure all defects in the conveyances of married women after the expiration of three years from the death of the husband, and where the wife has, together with the husband, signed and acknowledged the conveyance, she must be deemed to have "joined" in it within the meaning of that statute. (Hargis, &c., v. Ditmore, &c., 86 Ky., 653.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

On April 13, 1871, James H. Roden conveyed the land in controversy in this case to Geo. W. Woodruff, who took immediate possession, and under whom the appellee now asserts title.

The wife of Roden, however, was the real owner of the land, and was in fact paid the purchase money. She did not join in the deed save that in the attesting clause we find this language : "In testimony whereof, the said James H. Roden, together with Helen C. Roden, his wife, who hereby relinquishes all right to dower in and to the land conveyed in this deed, have hereunto subscribed," etc.

She signed and acknowledged the deed with her husband.

In 1883 James H. Roden died. His wife subsequently married Bankston, and in July, 1891, Bankston and his wife instituted their action in ejectment for the land in question. The court below dismissed their petition, upon the ground, as we presume, that their cause of action was barred by limitation, and whether it was or not is the sole question necessary to be determined on this appeal.

Section 1 of article 1, chapter 71, General Statutes, provides that "an action for the recovery of real property

can only be brought within fifteen years after the right to institute it first accrued to the plaintiff, or to the person through whom he claims."

Section 2 of the same article provides that "if at the time the right of any person to bring an action for the recovery of real property first accrued, such person was an infant, married woman, or of unsound mind, then such person, or the person claiming through him, may, though the period of fifteen years has expired, bring the action within three years after the time such disability is removed."

It is evident that the entry of Woodruff was hostile to the title of the female appellant and his holding adverse to her. But for her disability she could have asserted her cause of action immediately upon his entry. This is true because she did not join in the grant, and as to her the deed of her husband was of no effect. That deed did not convey any right to the vendee. Since the statute of 1846, the husband has had no vendible interest in his wife's lands, and as the deed of 1871 must be regarded as his deed alone, the wife's right of action accrued at once.

In Johnson, &c., v. Sweat, &c., 81 Ky., 392, it is said: "Prior to the adoption of that statute (1846) it had been held that the husband could sell and convey the land of the wife so as to be operative during the life of the husband, and consequently that in such case the wife's right of action did not accrue until the death of the husband." (Citing Miller v. Shackleford, 3 Dana, 292.) See also Butler, &c., v. McMillan, &c., 88 Ky., 417.

But although her cause of action accrued in April, 1871, yet she was under the disability of coverture, and perhaps of infancy, and therefore she may institute her action in

spite of the lapse of fifteen years, provided she does so within three years after the time when her disability is removed. This removal was in 1883. And however we may compute the time, whether we give her fifteen years after 1871 and then three years thereafter, or limit her to fifteen years as in other cases, provided her disability was removed as much as three years before the end of the fifteen years, as would seem to be the correct method of computation, is immaterial. Her right of action is barred in either event.

Suppose, however, that we regard the conveyance as one in which the wife joined with her husband within the meaning of section 6 of the article and chapter referred to. That section provides that "if a woman, after she arrives at the age of twenty-one years, join with her husband in the conveyance of her lands or chattels real, and acknowledge the conveyance before an officer authorized to take her acknowledgment of the conveyance, no action shall be brought by her for the recovery of the lands or chattels real mentioned in such conveyance, unless the action is commenced by her within three years after she becomes discovert."

If the judgment below in bar of the appellant's rights was based on the limitation provided in this section, it was because the court found, as a matter of fact, that the wife had reached her majority when she executed the deed of April, 1871, and we think the evidence is abundant to support the finding. We have her statement in June, 1891, before she began asserting this claim, that she was then forty-two years old. We have also the positive recollection of her relatives and of her neighbors, who fix the date by other circumstances which were impressed on

their minds beyond doubt, that she was born December 25, 1849. Upon the removal of her disability therefore in 1883, she had three years only within which to have instituted her suit.

In any view of the case, therefore, the wife's cause of action was barred by limitation, and the judgment is affirmed.