CASE 18—ACTION FOR DAMAGES FOR INJURY TO LAND—JAN. 5.

# Louisville & Nashville Railroad Co. v. Thompson.

APPEAL FROM MARION CIRCUIT COURT.

LIMITATION—DISSEIZIN OF MARRIED WOMEN.—An action for the taking of the land of a married woman without her consent but with the consent of her husband accrues upon the taking and not upon the husband's death, and limitation runs from such disseizin.

W. J. LISLE, W. C. McCHORD, JOHN McCHORD, H. W. BRUCE AND WALKER D. HINES, FOR APPELLANT.

J. P. THOMPSON AND W. S. PRYOR, FOR APPELLEE.

(No briefs in the office.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

It is alleged in the petition that the plaintiff inherited from her father 213 acres of land, which she, with her husband, D. B. Thompson, occupied for nearly 60 years; that her husband died in January, 1897; that in the year 1856 the defendant, with the consent of her husband, and without the consent or permission of plaintiff, built and constructed the Knoxville branch of its road, through the center of her land, a distance of 1,260 yards, and 20 yards wide, occupying more than 5 acres of her land; that the defendant began to operate said road in the year 1857, and has continued to operate same ever since; that she is

entitled to compensation from defendant for the land taken for the road, and says that the presence and operation of the road has greatly injured the use and enjoyment of her farm, and has decreased the vendible value of the same; that the land so taken and occupied is worth $1,000; and that the damage to the residue of her land is, at least, $10 per acre. Wherefore she prayed judgment for $3,130; and that defendant be required to erect and maintain good fences on both sides of its road through her land. The answer is a denial that plaintiff is the owner of any part of the land in possession of the defendant, as set out in the petition. It is alleged in the answer that, during the year 1856, it (the defendant) went on said land, and took possession thereof, with the plaintiff's knowledge, and threw up embankments and made excavations through and over said strip of land, and constructed bridges and culverts under and through said land, and placed over said earthworks cross-ties and rails, and continuously since the year 1856 defendant has maintained and operated a railroad on the earthworks so prepared by it, and removed the trees and shrubbery for a distance of 30 feet from the center on each side of said railroad track, and run its trains over said track every day since the year 1856; that it maintained and operated said railroad and right of way under a *bona fide* claim of ownership of said strip of ground as a right of way for its railroad since the year 1856, all of which was done by defendant with plaintiff's knowledge; that the railroad on the strip of land described in the petition is a part of defendant's main line of railroad from Louisville, Ky., to Jellico, Tenn. The defendant, further answering, alleged that the cause of action set up accrued more than 30 years before the institution of this suit; that, for more than 40 years

next before the institution of this action, defendant has continually held, and had the uninterrupted and peaceable possession of, said land, adverse to all the world; that, for more than 40 years before the institution of this action, defendant has had the uninterrupted and peaceable possession of said land adversely to the plaintiff; that plaintiff's cause of action is barred by the statute of limitations, which defendant pleads and relies on in bar of plaintiff's right to recover. The damages to the plaintiff and to her said land are also denied in the answer. The reply of the plaintiff is as follows: "The plaintiff, for reply herein, says that it is true that the defendant built its road through the land with her knowledge, but without her consent. Plaintiff says that said road was built through her general landed estate, with the written consent of her husband alone; that said consent terminated at his death, which occurred in January, 1897, and that plaintiff's cause of action accrued then, and not until then. Plaintiff denies that her cause of action herein is barred by the statute of limitations. Plaintiff denies that defendant is the owner of the strip of land occupied by it through her land, and, having replied, prays as in her petition." The affirmative allegations of the reply were controverted upon the record. A jury trial resulted in a verdict and judgment in favor of the plaintiff for $1,470, and, appellant's motion for a new trial having been overruled, it prosecutes this appeal.

The grounds relied upon for a new •trial are, in substance, as follows: (1) Because the court erred in refusing to instruct the jury to find for defendant at the close of plaintiff's evidence; (2) because the court refused to instruct the jury to find for the defendant at the close of all the evidence in the case; (3) because the court erred

in giving to the jury instruction No. 1, asked by the plaintiff; (4) because the court erred in allowing the record in the case of Mark Thompson against the Louisville & Nashville Railroad Company to be read as evidence on the trial; (5) because the verdict is contrary to law; (6) because the verdict is not sustained by sufficient evidence.

It seems to us that the court erred in allowing the record in the case of Mark Thompson against appellant to be read as evidence on the trial; but the main question presented for consideration is whether the cause of action or claim of appellee was barred by the thirty-year statute of limitations. Section 2506, Ky. Stat., provides: "If, at the time the right of any person to bring an action for recovery of real property first accrued, such person was an infant, married woman, or of unsound mind, then such person, or the person claiming through him, may, though the period of fifteen years has expired, bring an action within three years after the time of such disability is removed." Section 2508 provides: "The period within which an action for the recovery of real property may be brought shall not in any case be extended beyond thirty years from the time at which the right to bring the action first accrued to the plaintiff, or the person through whom he claims by reason of any death, or the existence or continuance of any disability whatever." The sections *supra* were part of the General Statutes, as well as the Revised Statutes, and were in force at the time of the entry of appellant upon the land in controversy.

It is the contention of appellee that her cause of action did not accrue until the death of her husband, and therefore her cause of action is not barred by the statute of limitations. It is the contention of appellant that it entered

[13]

upon, claimed and held the land adversely to the appellee for more than forty years prior to the institution of the action, and therefore it argues that the thirty-year statute bars appellee's claim, and, further, that appellee had at any time the right to sue notwithstanding her coverture. Numerous authorities are cited by the appellant and by appellee in support of their respective contentions. We have examined the following cases cited by appellee, to-wit: Butler v. McMillan, 88 Ky., 414, [11 S. W., 362]; Conner v. Downer, 4 Bush, 631; Medlock v. Suter, 80 Ky., 101; Bransom v. Thompson, 81 Ky., 387; Mantle v. Beal, 82 Ky., 122; Gregory's Heirs v. Ford, 5 B. Mon., 471—but fail to see that any of them sustain appellee's contention; but, upon the contrary, the tendency of most of the cases is to hold that the thirty-year statute bars the right to recover, without regard to disabilities. The question decided in the last-named case was under the law as it existed prior to the act of 1846, and is not at all applicable to the case at bar. It seems, however, to be the contention of the appellee that no cause of action accrued to her until after the death of her husband, and hence the statute did not begin to run until the death of her husband. In other words, it seems to be contended that the husband had the right to dispose of the wife's land, and that such sale or disposition invested the vendee with the absolute control and possession of the same during the life of the husband. But such contention is manifestly in conflict with the statute law of the State, and with numerous decisions of this court. In Johnson v. Sweat, 81 Ky., 392, it seems to be decided that the right of a married woman to institute an action for the recovery of her land sold by her husband accrues at once, notwithstanding her coverture, and that her right to recover would be barred in thirty years from the sale to and

Louisville & Nashville Railroad Co. v. Thompson.

possession of his vendee.   In the case at bar it is claimed in the answer, and not denied in the reply, that defendant held and claimed the land adversely to the appellee for more than forty years before the institution of this suit; and, besides, the proof conduces to establish the same fact. It therefore follows that there had been an actual adverse possession, and it seems clear from the statute, as well as the decisions of this court, that appellee's right to recover was absolutely barred by limitation.

In  Bradley v. Burgess, 87 Ky., [650,10 S. W., 6], this court in discussing the question now under consideration, said: "Although appellant, as well as her husband, was a party to sign and acknowledge the deed made to Bright in 1836, it is now contended that her title was not conveyed thereby. But we do not deem it necessary to determine whether it was or not effectual to pass her title, or whether she is now estopped, by the proceeding in the county court to which she was a party, to question the title of appellant; for, if the interest which her husband undertook to convey, and by the terms of the deed did convey, was an absolute title, and not merely his life estate, and John Bright acquired possession, and claimed such title in virtue of the deed, her right to bring the action for the recovery of her interest in the land, in the meaning of the statute, then accrued, and could not be extended beyond thirty years from that time, although she then labored under the disability of coverture, and so continued during that entire period.   Medlock v. Suter, 80 Ky., 101; Mantle v. Beal, 82 Ky., 122."   In Hawes v. Kirk, 18 Ky., L. R., 215, [35 S. W., 1032], this  court, in  discussing  the  statute of limitations said:  But the appellant contends that, the sale by Turner and wife being by title bond, same is void as to Mrs. Turner, and that, Mr. Turner having a life estate, the

sale was valid as to him, and that he lived until 1887, until which time appellant had no cause of action; hence the statute of limitations can not bar appellant's right of recover, and that the former decisions of this court holding the statute to be a bar in such cases should be overruled. This court has often held the thirty-years' statute to be a complete bar to actions for the recovery of real estate, regardless of disabilities, and we are not inclined to depart from a rule so well established. Medlock v. Suter, 80 Ky., 101; Butler v. McMillan, 88 Ky., 420; [11 S. W. 362]; Bradley v. Burgess, 87 Ky., 650; [10 S. W., 5]. And many other decisions of this court conclusively settle the law of this case." To the same effect is the decision of Bankston, &c., v. Crabtree Coal Mining Co., 95 Ky., 455; [25 S. W., 1105]. It was held in Simmons v. McKay, 5 Bush, 25, and reaffirmed by this court in Kellar v. Stanley, 86 Ky., 245; [5 S. W., 477], that reversioners or remaindermen may maintain a suit, during the life of the tenant or tenant by courtesy, to establish their claim to the land, and to be placed in a condition to make it available when the time shall arrive at which they will be entitled to the use of the estate.

It therefore follows that, even if the husband of Mrs. Thompson had possessed the right to sell and convey the land during his life (which he evidently did not have), yet if the appellant claimed and held the land adversely to plaintiff, as is claimed and not denied in this case, claiming a fee-simple title, accompanied with actual possession for more than thirty years before the institution of this suit, her claim thereto was barred by the thirty-year statute. She might, at any time during such adverse holding, have instituted suit to quiet her title, or establish her claim to the land, to take effect after the termination of such

right, if any had passed, from her husband to appellant, and, failing to do this, her claim was barred by the statute. It results from the foregoing that the court erred in not giving the peremptory instruction to find for appellant at the close of all the testimony for plaintiff, and also erred in giving instruction No. 1 given. The judgment appealed from is therefore reversed, and cause remanded, with directions to set aside the verdict and judgment, and for proceedings consistent herewith.