JUDGE PETERS
delivered the opinion op the court.
TMs action was brought by appellant against appellees for the last installment of the purchase price of a tract of land sold by executory contract by the former to the husband and father of the latter, seeking to subject the land to sale for the amount claimed to be due.
*551 Two defenses are relied on: first, want of title in the vendor; and second, misrepresentation and fraud in representing the value and condition of the mills on the premises at the time of the contract.
A judgment for a rescission of the contract was rendered by the court below,_ and appellant-now seeks a reversal.
There is no effort on the part of appellant to deduce a title by grant and conveyance from the commonwealth: but he exhibits a deed from Robert Wickliffe to John D. Spencer, dated 4th of June, 1844, for a greater part of the land; a deed from Spencer and wife to Joseph Allen for the same land; and a deed from Allen and wife to himself, and a deed from Strong Spencer and wife to himself, for the residue of said land, and claims under these deeds. The bond which he executed to his vendee is not filed, but from the proceedings it must be assumed that appellant covenanted to convey with general warranty, and attempts to establish his title by an adverse holding for over twenty years under the deeds filed.
It is to be observed that the clerk of the Owsley County Court certifies that the instrument purporting to be the deed from Wickliffe, presented to him for record, was ua true copy of a deed'from Robert Wickliffe to John D. Spencer,” etc., which as a mere copy the clerk had no authority to record; but, waiving that objection, the deed of Spencer and wife to Allen, bearing date the 11th of October, 1850, and purporting to have been acknowledged by the grantors on the 9th of October, 1851, before Campbell and McGuire, two justices of the peace for Owsley County, was not lodged with the clerk of the Owsley County Court for record, and. not recorded until the 6th of May, 1868.
Whether the certificate of the two justices was sufficient to authorize the clerk to record the deed we need *552 not stop to inquire, as it is indispensable, in order to pass the contingent right of Mrs. Spencer to dower, that the deed in which she joined her husband for the purpose should be executed in the mode prescribed by the statute, and the certificate of her acknowledgment with the deed recorded within the time prescribed. The sufficiency of the instrument to divest her of her contingent right must be tested by the record, the only mode the law has made effectual for that purpose. And as the deed was not recorded within the time prescribed by law, Mrs. Spencer’s right can not be affected thereby; and the same objection exists to the deed of Allen and wife to appellant, which was not recorded for about eleven months after it was acknowledged; and although these deeds may be effectual, from the time of recording, to pass the estate of the husbands of these married women — under section 23, chapter 24, 1 Revised Statutes, 283 — still the rights of married women are expressly excepted from the operation of that act unless the deeds be re-acknowledged by them, and recorded in time.
As then there is no allegation of the death of these married women, or either of them, the title of appellant is encumbered by their contingent rights to dower in the land. While it is true that remote contingent interests or claims for dower might not form an objection to a title otherwise clear and satisfactory, these claims are not of that character; and appellant has failed to allege the death of these married women, or to deny their prospective claim to dower in the land, and has not therefore exhibited such title as appellees were bound to accept. And although the reason of the circuit judge may not be the correct one for his judgment, we approve his conclusion.
Wherefore the judgment is affirmed.