| 82 | 475 |
|----|-----|
| 130 | 393 |

</div>

CASE 75—FEME COVERT RECORDING MORTGAGE—JANUARY 10, 1885.

## Butler v. Wheeler, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. E. F. and wife mortgaged her land to appellant to secure a debt. The mortgage was acknowledged by her February 22, 1871, but not recorded until September 19, 1873.
2. It was never re-acknowledged by her. On February 26, 1873, she and her husband sold and conveyed the land to Kelly, and he afterward to appellees.
3. The purchaser is not bound by the mortgage as the re-acknowledgment by the wife was essential. The mortgage as to appellees is void.
4. The wife having failed to re-acknowledge after the expiration of eight months, it is not effectual.

SAMUEL McKEE FOR APPELLANT.

1. Section 20, chapter 24, Conveyance¬, does not apply to mortgages, as they are specially exempt.

·2. If the purchaser had notice (as undoubtedly he had in this case), the mortgage need not be recorded to affect him. (McGowan v. Hay, 5 Littell, 240; Stewart v. Hall &c., 3 B. Mon., 220; Bank of Kentucky v. Haggin, 1 A. K. Mar., 226; Morton v. Roberts, 4 Dana, 258; 14 B. Mon., 450; 8 *Ib.*, 435; 9 Dana, 77; 6 Bush, 196.)

· C. B. SEYMOUR FOR APPELLEES.

1. The failure to record the mortgage in eight months after its acknowledgement by the wife, is fatal.

· 2. The purpose of the statute in requiring that such conveyances by married women shall be recorded is to prevent the fabrication of false evidence in regard to their execution. (9 Dana, 215; Scarborough v. Watkins, 9 B. Mon., 549; Rev. Stat., chapter 24, section 23; 14 Bush, 225.)

· JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The mortgage by Edwin Francis and his wife upon her land to the appellant, J. S. Butler, and which he is now seeking to enforce, was acknowledged by her on February 22, 1871, but not recorded until September 19, 1873, a period of over two and a half years.

It was never re-acknowledged by her. On February 26, 1873, she and her husband sold and conveyed the land to one Kelly, and he, on April 6, 1876, to the appellee, Wheeler.

The petition alleges that both Kelly and Wheeler had full notice when they purchased of the existence of the mortgage. This is admitted by the demurrer to be true, and the sole question is whether the delay in recording it was fatal to its validity.

If it was a nullity when they purchased, then their knowledge of it avails nothing for the appellant.

The question must be determined by the provisions of the Revised Statutes, and not by those now in force.

Section 15, chapter 24, Revised Statutes, reads thus :

"Deeds made by residents of Kentucky, other than deeds of trust and mortgages, shall not be good against a purchaser for a valuable consideration not having notice thereof, or any creditor, except from the time the same shall be legally acknowledged or proved and lodged for record, unless the same be so lodged within eight months from the date thereof."

Section 23 says :

"Where deeds have been or may be legally executed, but not recorded or lodged for record in proper time, such deeds may be proved or acknowledged and recorded, and be as effectual from the time of so recording as if recorded in proper time.

"*This section shall not apply to the deed of a married woman, unless re-acknowledged by her, and recorded thereafter in proper time.*"

Prior to the act of 1831, relating to this subject, the law in force was substantially like the sections *supra ;* and it was then held by this court that the deed of a married woman was not valid unless it was recorded or lodged for record in the proper office within eight months from the date of its acknowledgment ; and if this were not done, it could only be rendered obligatory by her own act. (Applegate v. Gray, 9 Dana, 215 ; Scarborough v. Watkins and Wife, 9 B. M., 540.)

The sections above quoted have received the same construction, and not only has the way been blazed, but so long followed that it would not be safe to depart from it. (McGuire v. Bowman, 6 Bush, 550 ; Dugan v. Corn, Law Rep., volume 6, page 10.)

But it is urged that the same rule does not apply to

a mortgage executed by a married woman, because section 15, *supra*, expressly excepts deeds of trust and mortgages; and that the statute fixes no time within which they must be recorded. This point is not free from difficulty.

The power, however, of a married woman to make either a deed or a mortgage, is derived solely from the statute (sections 20 and 21), and, in giving it, either the term "*conveyance*" or "*deed*" is used in the statute, and not the word "mortgage;" thus showing that, so far as married women were concerned, the latter was intended to be comprehended in the former, otherwise it follows that she had no power to make a mortgage, and the power being thus given, it must be strictly pursued.

The same form of acknowledgment and certificate was prescribed by the statute as to married women, whether the instrument was a deed or simply a mortgage.

Section 22, of said chapter, provides that "a *deed* of a married woman, *to be effectual*, shall be acknowledged before some of the officers named in the preceding sections *and recorded in the proper office.*"

We conclude, from a careful comparison of the different sections, that wherever the word "deed" occurs in those relating to married women, that it embraces a mortgage, and that section 15, *supra*, relates only to the deeds of persons *sui juris*, save so far as a time for recording is named; otherwise no effect whatever can be given to the latter clause of section 23, which says: "This section shall not apply to the deed of a married

woman, unless re-acknowledged by her *and recorded thereafter in proper time.*"

The statute made a difference between the deed of a married woman and that of a person *sui juris.* In the latter case it was always valid *inter partes*, although never recorded ; but in the former this was not true under the Revised Statutes, while it is under the General Statutes, the last clause of section 23 having been omitted from the latter.

Under the Revised Statutes the purpose of recording in the one case was to give notice of the existence of the instrument ; while in the other it was necessary to its validity ; and if the deed of a *feme covert* was not recorded in proper time, it was a nullity even *inter partes.*

If the recording of the *feme's* deed was necessary to pass her right, we see no reason why it was not equally as necessary in the case of a mere mortgage. If it was needful in the one case, because there had to be a privy examination, then it was equally so in the other, as the same formality of execution was requisite.

The section of the statute which fixes the eight months' limit for recording uses the term "deeds" in doing so ; and the sections empowering a married woman to execute a mortgage use the same term. Hence the limitation in the one section must have been intended to apply to the other, and this is the more evident, because section 23, *supra*, speaks of a "proper time" within which the deed of a married woman must be recorded, and no time whatever is fixed by the statute, save said eight months.

When the entire statute relating to the subject is

considered, but one conclusion can be reached, and that is that the recording of the mortgage in question within a certain time was necessary to its validity, and that the appellant's loss results from his own neglect.

The husband, Edwin Francis, has no interest in the land liable to the mortgage. He acquired none at the death of his wife, as they had previously sold it, and under the statute he could only become a tenant by the curtesy in the real estate owned or possessed by her *at her death.*

Judgment affirmed.