## Burton-Whayne Co. v. Farmers and Drovers Bank, &c.

Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

EMMET FIELD, Judge.

Appeal by Burton-Whayne Co.—Reversed.

1. Acknowledgment—Defects—Effect.—A deed of a man and wife, acknowledgment of which was not in proper form because taken before a notary public, was good as between the parties and, in connection with the grantee's possession, notice to the world of his ownership.

2. Deeds — Recording—Statutory Provisions — Deeds of Married Women.—A deed by a man and wife, not filed for record within 8 months, as required by 1 Stanton's Rev. St. c. 24, sections 15, 23, was void as to the wife.

3. Appeal and Error—Record—Record in Another Case.—In an action involving the title to land, the record of another suit to quiet title, filed with the record on appeal, cannot be considered, where it does not appear that the same premises were involved.

4. Lis Pendens—Notice—Failure to Incorporate Date of Attachment.—The purpose of Ky. St. 1903, section 2358a, subd. 2, requiring the date of the attachment to be contained in the

body of the lis pendens notice, is to put subsequent purchasers and incumbrancers on notice; and, where the notice filed was correct, except that the date of attachment was not in the body thereof, and the date of filing was certified to by the clerk with his record of the notice, it afforded proper notice to persons filing an attachment on the property 13 days thereafter, so as to prevent the second attachment taking precedence.

5. Adverse Possession—Possession Under Void Deed—Presumptions.—Where deeds by husbands and wives, though void as to the wives, because not recorded within 8 months, as required by 1 Stanton's Rev. St. c. 24, sections 15, 23, were executed more than 50 years ago, if the grantees and those claiming through them have been in adverse possession for 30 years, the presumption is that the title is good by limitation.

GEO. L. BURTON for appellant.

### POINTS AND AUTHORITIES.

1. Under the Revised Statutes of Kentucky in force in the years 1856 and 1857, a notary public in Kentucky was not authorized to take acknowledgments to deeds to be recorded in this State; and the deed of a married woman to be effectual had to be recorded within eight months after the time same was acknowledged. The interests of Robert C. Ray, Amanda L. Ray and Sarah E. Heyser appear from the record to be still outstanding, and the purchaser at the commissioner's sale of the land in question did not acquire their interests. (Stanton's Revised Statutes of Kentucky, chap. 24, secs. 15, 16, 22 and 23.)

2. The notice of attachment recorded in the Jefferson County Court Clerk's office, under which the property in question was sold in this action, did not comply with the provisions of section 2358a, subd. 2 of the Kentucky Statutes, and a subsequent attachment creditor (not a party to this action) having filed proper notice acquired a prior lien. (Kentucky Statutes, sec. 2358a, subd. 2; Ponder v. Boaz, 23 Ky. Law Rep., 2429 Park v. McReynolds, 23 Ky. Law Rep. 894.)

C. H. SHEILD and GEO. CARY TABB for appellees.

### POINTS AND AUTHORITIES.

1. The only object of the recording acts is to put subsequent purchasers and incumbrances upon notice. As between the parties

a deed may be binding though defectively acknowledged or defectively recorded. (2 Minor, 963; Tiffany on Real Estate, vol. 2, sec. 476 and fol.; Bennett v. Titherington, 6 Bush, 192, 196; Simpson's Exor. v. Loving, Jackson et al., 3 Bush, 458.)

2. When A conveys an undivided interest in a large piece of property and said property is subsequently divided and comes into the hands of remote grantees, if A or any one claiming through him wishes to attack the validity of said conveyance, he should look to the property allotted to his grantees in the division, rather than to the undivided interest held by A before the partition. (Hall v. Morris Southwick & Co., 13 Bush, 322.)

3. Where it appears that a division was fair and equitable, and that various sales have been made under it, and that none of the owners of the land are complaining, the division should not be disturbed. (Hall v. Morris, Southwick & Co., 13 Bush, 322.)

4. The evidence and judgment in action number 280914 Jefferson Circuit Court proves that the property in question has been held in adverse possession by Foster Ray and his grantees since 1860.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

This action involves the invalidity of the title to a piece of property, sold under an attachment secured by the appellee against the Columbia Finance & Trust Company, administrator of the estate of S. S. Meddis, deceased, Victor N. Meddis and George S. Meddis, Jr. Appellant, Burton-Whayne Company, bought the property in question at the commissioner's sale, and filed certain exceptions thereto. These exceptions were overruled, and its appeals.

It appears from the record that about the year 1856 Foster Ray and Francis S. Ray owned an undivided one-fourth interest in a lot containing some 60 acres, at the northeast corner of Fifteenth or Cherry street and Magnolia avenue. Francis S. Ray died intestate, leaving no children. His only heirs were his brothers and sisters and the children of his deceased brothers

and sisters. After Francis S. Ray's death Foster Ray, who owned one-half of an undivided one-fourth of the 60-acre tract, and inherited from his brother Francis S. Ray one-eighth of the latter's one-half of an undivided one-fourth, purchased the interest of Robert C. Ray and wife, Nancy I. Ray, in the 60-acre tract of land, by deed dated February 2, 1856, and recorded in the Jefferson county clerk's office January 9, 1857, in Deed book 97, page 147. He also purchased the interest of Sarah Heiser and her husband, Thomas Heiser by deed dated March 15, 1856, and recorded in the Jefferson county clerk's office January 9, 1856, in Deed book 97, at page 147. He also purchased the interest of Amanda Ray and her husband, Asher B. Ray, by deed dated April 30, 1856, and recorded January 9, 1856, in the Jefferson county clerk's office, in Deed book 97, at page 148. In addition to the above interests in the 60-acre tract of land Foster Ray bought the interests of all the other heirs, except the interest of B. F. Ray, Sarah Batsel, Amanda Batsel, Spencer, Sally C. Curd, and Ann Eliza Curd. He thereupon filed against these parties, who had not sold their interest, an action to have the 60 acres of land partitioned among the owners thereof according to their respective interests. The persons who conveyed to Foster Ray were not made parties to this action. All the others interested in the property were made parties. Robert C. Ray owned 3-192 of the whole tract, Sarah Heiser 3-192, and Amanda Ray 1-192 of the whole tract. In the partition proceedngs Foster Ray was awarded 12.92 acres, and the property involved in this action is a portion of said tract of 12.92 acres.

It is first insisted by counsel for appellant that the title to the property purchased by it is defective be-

cause Robert Q Ray's deed to Foster Ray was acknowledged by him before a notary public. While this deed was not acknowledged in proper form, we think it was good between the parties. It at least had the effect of an unacknowledged deed, and, connected with Foster Ray's possession after the division, was notice to the world of his ownership. Simpson's Extx. v. Loving, Jackson, etc., 3 Bush 458, 96 Am. Dec. 252.

It is next insisted that the deeds from Asher B. Ray and Amanda Ray and Thomas and Sarah Heiser are not valid because they were not filed for record within eight months, as required by Revised Statutes (Stanton's), volume 1, c. 24, sections 15, 23. This precise question was before this court in several instances, and it has been held that such deeds are void as to married women. The effect of this interpretation of the statutes in question was to cause their subsequent repeal by the Legislature. McGuire v. Bowman, etc., 6 Bush 550; Butler v. Wheeler, etc., 82 Ky. 475; Dugan v. Corn, Id. 206.

There was filed with the record in this case the record of an action brought by Lizzie Adams in the Jefferson circuit court against Sarah C. Dycus, J. V. Dycus, and Anne E. Fulcher to quiet her title. Sarah C. Dycus is the same party as Sally C. Curd, given in the list of heirs of Francis S. Ray. In their answer to Lizzie Adams' petition Sarah C. Dycus and others claimed that they had never conveyed their interest in the property in question to the devisees of Foster Ray, but that they still held the interest in said property which they had inherited from Francis S. Ray. Issue was joined on this point, and Lizzie Adams filed a reply, pleading both the 15 and 30-year statutes of limitation. Two witnesses gave their depositions in that case, and the court held that Lizzie Adams had

had adverse possession of the property in question for a period of more than 30 years. We are asked to consider here the record of that case. It does not appear, however, that the same lot of ground is involved, and we can not, therefore, consider such evidence.

Appellant's next exception to the report of sale is based upon the fact that the date of the attachment, as required by subdivision 2, section 2358a, Ky. Stats., 1903, is not contained in the body of the lis pendens notice. It appears, however, that in every other respect the notice filed in the county clerk's office was correct. It is also admitted that the date said notice was filed is certified to by the county clerk in connection with his record of said notice. Above the signature of the clerk is the following: "Filed March 15, 1907, at 9:40 a. m. By C. H. Shield." The attachment was levied March 13, 1907. After the attachment was secured in this action, it appears that Oscar Stutz and others levied on the property in question on March 28, 1907, 13 days after notice of this action had been filed in the county clerk's office. It is therefore contended that, as the lis pendens notice did not give the date of the attachment, Stutz's attachment took precedence. We can not agree with counsel in this contention. The primary purpose of the notice required by section 2358 is to put subsequent purchasers, lessees, and incumbrancers on notice. The question is: Did Oscar Stutz and others file their attachment with notice of the prior attachment? Of this there can be no question. The prior lis pendens notice was not only on record, but the date of filing thereof was attached by the county clerk. Under these circumstances, therefore, we do not think the attachment filed by Oscar Stutz and others took precedence of the attachment sustained in this action.

For the reason that the deeds from Sarah Heiser and her husband, Thomas Heiser, and from Amanda Ray and Asher B. Ray are void, as to the married women, we are of opinion that the chancellor erred in overruling appellant's exceptions to the commissioner's report of sale. Inasmuch, however, as the deeds were executed more than 50 years ago, and, as the statute of limitations would now bar a recovery by the vendors if, as a matter of fact, the appellees Meddis and those through whom they claim have been in the adverse possession of the property for a period of 30 years (L. & N. R. R. Co. v. Thompson, 105 Ky. 190, 25 Ky. Law Rep. 1110, 48 S. W. 990; Rose v. Ware, 115 Ky. 420, 74 S. W. 188, 24 Ky. Law Rep. 2321; Watkins v. Pfeiffer, 92 S. W. 562, 29 Ky. Law Rep. 97), the presumption is that the title to the property is good by limitation. In view of this fact we have concluded to remand the case, with directions to the chancellor to hear proof upon the question of adverse possession. If such adverse possession is shown, the chancellor will overrule appellant's exceptions to the report of sale.

Judgment reversed for proceedings consistent with this opinion.

December 3, 1908.—OPINION MODIFIED BY COMMISSIONER CLAY.

In our former opinion reversing this case the property in question was incorrectly described as a portion of the tract of 12.92 acres allotted to Foster Ray. As a matter of fact the record shows that the property in question is a portion of the S. E. ¼ which was allotted to B. F. Ray, Sarah Batsell, Amanda Batsell, and Spencer, Sallie C., and Ann Eliza Curd, heirs of

F. S. Ray, deceased, and thereafter conveyed by them to Foster Ray, to whom the remainder of said S. E. ¼ had been allotted in the partition proceedings. It further appears that the property involved in action No. 29,014, Jefferson circuit court, of Lizzie Adams v. Sarah Dycus et al., is the identical property involved in this action. It further appears that action No. 29,-014 was brought to quiet the title of plaintiff in that action, and that plaintiff in that action claimed through J. L. Deppen and Julius Winter, and a party through whom George S. Meddis, Jr., defendant in this action below, claimed title. It was agreed that the deposition of J. L. Deppen, given in action No. 29,014, should be considered on this appeal. As that deposition and the record in case No. 29,014 established conclusively the adverse possession by those through whom George S. Meddis, Jr., claims, of the identical property in question for a period of more than 30 years, it necessarily follows that Asher B. Ray and Amanda Ray and Thomas and Sarah Heiser, and their heirs, have no claim to the property in question that is not barred by the statute of limitations. Under this view of the case, it is unnecessary to reverse and remand this case for further proof on the question of adverse possession.

For the reasons given, the former opinion is modified as above indicated, the order reversing is set aside, and the judgment of the trial court overruling appellant's exceptions is affirmed.