CHIEF JUSTICE WILLIAMS
delivered the oprarou op toe couet:
The grandfather of appellant, Mrs. Ann Eliza Conner, having died a resident of Virginia, devised to her mother a tract of wild land, in Todd county, Kentucky. The mother having died previous to the year 1835, also a resident of Virginia, this land descended to her four children and heirs-at-law.
The surviving husband, and father of appellant, Ann Eliza, never having had actual seisin, was not entitled to curtesy, therefore, she and her co-heirs were the holders of the legal title with the right of immediate entry.
In the year of 1835 this land was sold by virtue of a decree of the-circuit court, had upon proceedings in the name of Conner and wife and the other coheirs, the object of which was a sale and division; and John Slaughter, the surviving husband and father, became the purchaser, got a deed, and afterwards sold the land. The present occupants, and those under whom they claim, by virtue of said sale, have had more than thirty years’ possession before the bringing this suit in the year 1867.
Conner and wife brought this suit, asserting an undivided interest of one fourth in this land, and asking a partition on the alleged ground that they never author *633 ized the bringing the suit in 1835 to have it sold — knew nothing of it, and never got any of its proceeds.
Appellants then resided in Virginia; the father was a man of wealth; Conner had been in Hopkinsville shortly before the bringing the suit, and was at the boardinghouse of the attorney who brought and conducted it, and who stood high in the profession. Some of the co-heirs have resided for a long time in the vicinity of the land, and Conner and wife have made several visits to the same neighborhood subsequent to said decretal sale, -and for many years previous to bringing this suit; and when the purchasers of her father’s title under said decree were erecting lasting and valuable improvements, and neither they nor their co-heirs asserted any title, nor have the other heirs as yet put up any claim, so far as appears in this record.
The father died intestate not many years before the bringing this suit, and, so far as may be judged from the evidence, appellants received by descent from him a sufficiency to make his warranty good. It is true the late war had seriously affected the father’s estate, but the probabilities are that it was still sufficient for this purpose. The court had jurisdiction to order the sale in the first proceedings; though they seem to be irregular, yet they are not void. The circumstances indicate that appellants knew of the sale, and never repudiated it until after the close of the late war. The attorney who brought the suit removed long since to the Pacific coast; hence, positive authority to bring the suit has not been established. The purchase by a wealthy father;'the ample opportunity that appellants had to know how those occupants claimed; having numerous relatives in the vicinity of the land, and themselves being in the neighborhood on several occasions after the sale, repel *634 the idea of fraud or unfairness, or want of authority; but were this want of authority established, yet they would be barred by the lapse of time, as it is provided by section 5, article 1, chapter 63, 2 Stanton’s Revised Statutes, 124, that “ the period within which an action for the recovery of real property may be brought shall not, in any case, be extended beyond thirty years from the time at which the right to bring the suit first accrued to the plaintiff, or the person through whom he claims, by reason of any death, or the existence or continuance of any disability whatever.”
Conner and wife having the right of immediate entry and possession upon the death of Mrs. Conner’s mother, of course the possession of their father and his vendees under the decretal sale was adverse to them; and though she was then a feme cov.ert and under disability, yet this cannot protect her for more than thirty years under the recited statute.
The policy of our statute is to protect married women and infants generally against the statutory bar by lapse of time; yet this must have a limit, else it works injustice to others, and disturbs the repose and security of proprietors; hence, the legislative policy is to quiet all title, notwithstanding disabilities, after thirty years’ adverse possession; or, in other words, permits disabilities to prevent bar by lapse of time for only thirty years.
Wherefore, the judgment is affirmed.