Stillwell, &c., v. Leavy, &c.

Case 53—PETITION—October 21.

# Stillwell, &c., v. Leavy, &c.

APPEAL FROM WOODFORD CIRCUIT COURT.

1. CONSTRUCTION OF DEVISE—LIMITATION.—Under a devise of real estate by a testator to his wife "for the support of all the family, to be divided between their children at her discretion," the children, who were meant by the word " family," had an immediate right to the use and profits of the land for a support, in conjunction with their mother, and the mother having violated that right by a sale of the land, an immediate right of action accrued to them not only against their mother, but against her vendee, to have the sale set aside and the land restored to them for the purposes for which it was intended by the devisor; therefore, limitation began to run against them from the date of the sale, and not from the death of their mother.

2. TRUSTEES—ADVERSE HOLDING.—The trustee having sold the land by deed of record, believing that she had the right to sell, the rights of the beneficiaries were immediately affected, and it was their duty to take immediate action for the protection of their rights. The case does not come within the rule that the trustee of an express trust can not acquire a right to the trust property by adverse holding for the period prescribed by the statute of limitation, unless his acts in that regard are so open and notorious as to take notice home to the beneficiary.

3. LIMITATION—THIRTY YEARS' STATUTE.—No disability whatever can save the right to bring an action for the recovery of real property adversely held for a longer period than thirty years from the time the right of action first accrued.

4. SAME—PLEADING.—While, as a general rule, the statute of limitations must be pleaded by the defendant, and can not be taken advantage of by demurrer, this rule does not apply when the petition shows that the action is barred, and that the plaintiff is not within any of the exceptions contained in the statute which save his right to sue.

YOUNG & TRABUE AND W. S. BARBOUR FOR APPELLANTS.
    (Brief not in record.)

E. M. WALLACE AND D. L. THORNTON FOR APPELLEES.

1. As the petition shows on its face that the alleged cause of action is barred by the thirty years' statute of limitations, it was not necessary for the defendant to plead the statute. (Chiles v. Drake, 2 Met., 146; Rankin v. Turney, 2 Bush, 555; Board v. Jolly, 5 Bush, 86; Conner and Wife v. Donner, &c., 4 Bush, 631.)

2. In no event and under no circumstances does a right of action for the recovery of real estate exist for more than thirty years after it has accrued. (Medlock, &c., v. Suter, &c., 80 Ky., 101.)

3. The lands were left by the testator to his widow in trust for the support of the family, to be divided among her children* in her discretion, and the will created for those purposes a precatory trust in her. (McGaughey v. Henry, 15 B. M., 397; Story's Equity, sec. 1068.)

4. The widow had the right, in her discretion, to sell the land for the support of the family, and the law presumes that any sale made by her was made in accordance with the terms of the trust until the contrary is alleged and proved. (Collins v. Carlisle, 7 B. M., 14.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

L. I. Fleming died, in Woodford county, Ky., the county of his residence, in the year 1843. He left a last will and testament, which was duly probated in the Woodford County Court.

In said will there is a clause as follows:

"I next leave my land claims in Woodford and Scott counties, together with the negroes thereon, the stock of every kind, all the farming tools, household and kitchen furniture, to my wife, Nancy Fleming, for the support of all the family, and to be divided between her children by me, at her discretion, to-wit: John and James, Elizabeth, Louisa, Ann, Matilda, Sarah Allen."

Nancy Fleming, while she claimed under the will, and assumed the trust, never exercised the power conferred on her by the will to divide the land, or any part of it, between said children or any of them.

She did, on the 8th day of May, 1854, by deed, which was put to record in the proper office on the 10th day of June, 1854, sell the lands mentioned in said clause of the will to Willis F. Jones. The consideration expressed in the deed was $32,634.75. The said land is referred to in the deed as the same land she, Nancy Fleming, had the power to sell under the will.

The appellants, as a portion of the devisees under said will, brought suit in the Woodford Circuit Court against the appellees to recover their moiety of said land.

The appellees claim title to said land through Willis F. Jones, the vendee of Nancy Fleming.    The suit by appellants was brought more than thirty years after the deed by Nancy Fleming to Willis F. Jones was made and recorded.

The petition and amended petitions of appellants set forth the provisions of the will above quoted; also the date of the deed from Nancy Fleming to Willis F. Jones, which deed shows a title in fee was conveyed; also, that appellees had held the possession of said land without right for more than five years next prior to the time of bringing the suit.

A demurrer was entered by the appellees to the petition and amended petitions, which the lower court sustained upon the ground that the statute of thirty years' limitations was a bar to appellants' right of action.

Appellants declining to further amend, their petition was dismissed.    They have appealed to this court.

The appellants contend that the will of L. I. Fleming, by the clause above quoted, gave to Nancy Fleming a life estate in the land mentioned, with remainder to the children named in said clause, subject to a discretionary power of appointment between them before her death.    That Nancy Fleming having failed to exercise her discretionary power of appointment under the will during her life, the remainder interest of the children under the will could not take effect in possession until

after her death; therefore, they had no right to sue for the possession of the land conveyed to Willis F. Jones until after the death of Nancy Fleming, which occurred within fifteen years next before they brought this suit.

In support of appellants' position, they rely upon the cases of Collins v. Carlyle, 7 B. M., 14, and Mc-Gaughey's Adm'r v. Henry, &c., 15 B. M., 397.

The provision of Carlyle's will was as follows :

"As to my property and wealth, I first wish all of my just debts and funeral expenses punctually paid, and the balance of my estate wholly I leave to my beloved wife, Nancy Carlyle, to dispose of by her, and divided among my children, at her discretion."

McGaughey willed to his wife 255 acres of land, which he set apart for her exclusive benefit, "to be disposed of in any way she may think proper, as life interest, and at her death, or before, to give said land to any one or more of her children, as she may believe them most worthy or needy."

This court said, in both of these cases, that the wives under said wills took a life estate, with remainder to the children of the testators, subject to the discretionary power of appointment by the wives before their death.

The provisions of the wills construed by this court in those cases are unlike the provision of the will we are now considering, in this: The provisions in those wills gave to the children of the testators no immediate right to the use or enjoyment of the estate devised. Their mothers, under the wills, had the exclusive right to the use and enjoyment of the estate during their lives, ex-

cept as voluntarily relinquished by them under their power of appointment.     Therefore, the children would have no interest in possession for which they could sue until after the death of their mothers.

The testator, by the clause of the will now under consideration, left the land in contest to his wife, Nancy Fleming, in trust for the support of all the family, which meant the children, with the discretionary power of appointment between the children at any time before her death, subject to the actual appointment between the children.     They had an immediate right to the use and profits of said land for a support, not, however, to the exclusion of their mother.

As the persons named as a class, who were to have the benefit of an immediate and continuing support out of the lands, were certain, and as the subject-matter out of which their support was to arise was certain, and as the bequest as to that matter was imperative, therefore, if Mrs. Nancy Fleming, by the sale of this land in 1854, violated the rights of the family (children) of the devisor by depriving them of a support out of it, they had an immediate right of action not only against Nancy Fleming, but against Willis F. Jones, to have said sale set aside, and the land restored to them for the purposes for which it was intended by the devisor. (Pomeroy's Equity Jurisprudence, sec. 835.)

As to the right of the appellants to sue for the recovery of the land being absolutely barred by the interposition of the thirty years' statute of limitation, section 4, article 1, chapter 71, of the General Statutes, says: "The period within which an action for the recovery of real property may be brought shall not, in any case, be extended

beyond thirty years from the time at which the right to bring the action first accrued to the plaintiff, or the person through whom he claims, by reason of any death, or the existence or continuance of any disability whatever."

The foregoing statute, as construed by this court in the cases of Medlock, &c., v. Suter, &c., 80 Ky., 101, and Connor and Wife v. Douner, 4 Bush, 631, and as its own language clearly imports, interposes an absolute bar to any right to bring an action for the recovery of real property after the lapse of thirty years from the time the right to bring the action first accrued.

No disability of coverture, of infancy, or by reason of the existence of war between the claimant's country and that of the defendant, or any other "disability whatever," can save the right to bring an action for the recovery of real property adversely held for a longer period than thirty years from the time the right of action first accrued to them.

So the right of action of the appellants, Stillwell and wife, having accrued to them, and the right of action of the father of the other appellants having accrued to him immediately after the sale by Nancy Fleming to Willis F. Jones, to have said conveyance set aside, and the land restored to them for their support, as provided for in the will of L. I. Fleming, it follows that their right of action to recover said land is absolutely barred by the lapse of thirty years.

The cases of Chiles v. Drake, 2 Met., 146; Rankin v. Turney, 2 Bush, 555, and Board v. Jolly, 5 Bush, 86, hold that, as a general rule, the statute of limitation, being regarded as matter of strict defense, must be

pleaded by the defendant. The reason of this require-
ment is to give the plaintiff an opportunity to show
that he is entitled to the benefit of some of the excep-
tions in the statute, saving his right of action. But,
as those cases show, the rule requiring the defendant
to plead the statute, when relied on in bar of the action,
does not apply when the petition shows that the action
is barred, and that the plaintiff is not within any of the
exceptions contained in the statute which save his right
to sue.

The appellants' petition and amended petitions show
that more than thirty years had elapsed from the time
of said sale, when the right of action accrued, until
they brought the suit ; also that appellees had held the
adverse possession of said land for more than five years
next before the bringing of the suit. It is also a pre-
sumption, which arises from the facts stated in the
petition, that the original vendee of the land, as well
as his vendees, followed up the absolute right which
the conveyances gave them by taking and continu-
ously holding the possession of the land in their own
right.

For the foregoing reasons, we are of the opinion that
the court did right in sustaining the demurrer to appel-
lants' petition and amended petitions.

The proposition that the trustee of an express trust
can not throw off his allegiance to his beneficiary, and
acquire a right to the trust property, by adverse hold-
ing, for the period prescribed by the statute of limita-
tion, unless his acts in that regard are so open and
notorious as to take notice home to the beneficiary, is
not denied. But the case here does not come within

that rule. Here, Mrs. Fleming, as the deed shows, believed that she had the right under the will to sell the land. She did sell it by deed of record. She disposed of it as she believed she had the right to do. The rights of the beneficiaries were immediately affected by it. It was their duty, therefore, to look after their interest, and to take immediate action when their rights under the will were violated.

The judgment of the lower court is affirmed.