## Saylor v. Taylor.

(Decided May 29, 1912.)

## Appeal from Harlan Circuit Court.

1. Land—Action of Trespass to Try Title.—This being an action of trespass to try title appellee's right to recover had to be determined by the true location of an agreed line established by her vendor and that of appellant, more than twenty years before the institution of this action; and it being reasonably apparent from the evidence that the timber cut by appellant was upon appellee's side of the agreed line in question, and that her vendor and appellant's vendor recognized and maintained the agreed line for more than twenty years and as long as they owned the lands respectively, the verdict and judgment were authorized on these grounds.

2. Land—Champertous Deed.—As, according to the evidence, appellee was in actual possession of the land by enclosure, from which the cutting of timber was done, at the time appellant acquired title to the land owned by him through the purchase and deed from his vendor, the latter's deed, in so far as it can be said to cover any part of the land in controversy, was champertous and void under section 210 Kentucky Statutes which provides that "All sales or conveyances, including those made under execution, of any lands, or the pretended right or title to the same, of which any other person, at the time of such sale, contract or conveyance, has the adverse possession, shall be null and void."

J. S. FORRESTER for appellant.

W. A. BROCK for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment of the Harlan Circuit Court entered upon a verdict for $200 damages recovered by appellee of appellant for the cutting of timber and the tearing down of a fence by him upon a tract of land of which she claims to be the owner and in the possession. Appellant's answer admitted the cutting, by him, of the timber upon the land in controversy, but denied that it was of the value alleged in the petition; also denied appellee's title or possession of the land and alleged appellant's ownership thereof. The land in controversy contains only three acres. Appellee is the owner of a considerable tract of land, by purchase at decretal sale and under a commissioner's deed of date January 22, 1892, which formerly belonged to her father, W.

J. Taylor, deceased. Adjoining this tract is another formerly owned by Jackson Blanton and now owned by the appellant, who purchased it and received a conveyance therefor from C. F. Blanton, the son of Jackson Blanton, who, after his father's death, acquired the interest of his brothers and sisters therein. The land in controversy does not seem to be covered by the deed from the commissioner to appellee, or to have been included in the patent under which her father became the owner of the land conveyed to her by the deed of the commissioner, but was acquired by him many years ago by virtue of an agreement between him and Jackson Blanton, appellant's remote vendor, whereby they established a division line between their lands, and according to which, it is claimed by appellee, the land in controversy became the property of W. J. Taylor and later of appellee. W. J. Taylor lived for many years, and until his death, upon the land covered by the patent in question, and appellee has lived upon it and has had actual possession thereof since its purchase by her at commissioner's sale in 1892; and it appears from the evidence in the record that from the time of making the agreed line with Jackson Blanton until his death, W. J. Taylor claimed to own and had possession of whatever land he acquired thereby; and that since his death it has been owned and possessed by appellee who, as much as fifteen years ago, sold the poplar timber standing upon it. W. J. Taylor never enclosed the land in controversy, but, since appellee's purchase of the W. J. Taylor land and about seven years before the institution of this action, she extended the fence upon the tract of land upon which she lived so as to include the three acres of land in controversy and this fence she has since maintained.

It is conceded by appellant that the agreed line was established by W. J. Taylor and Jackson Blanton, but denied that the three acres of land in controversy was the land that W. J. Taylor acquired by virtue thereof. If, as claimed by appellee, the agreed line left the three acres claimed by her on her father's side thereof, she was entitled to recover of appellant for the injury to her fence and the cutting of her timber, and the true location of the line as fixed by the agreement between W. J. Taylor and Jackson Blanton was and is the matter in dispute between her and the appellant.

It is also conceded by appellant and appellee that both W. J. Taylor and Jackson Blanton, as long as they

lived, recognized the agreed line established by them and that no controversy had arisen between appellee, vendee of the former, and the heirs at law of the latter, as to the location of this land. It is the contention of the appellee, and the evidence introduced in her behalf conduced to prove, that the agreed line runs from a maple and chestnut in the line of the W. J. Taylor patent to an oak; thence to another oak, corner of Mahaley Brock's land, which, if true, would give her the land in controversy. It is the contention of the appellant, and the evidence introduced in his behalf conduced to prove, that the line runs from the maple and chestnut referred to, in a direction toward the Abe Hill road to a black pine, thence from the pine by two marked beeches to a white oak, black gum and dog wood, which, if true, would leave the land in controversy on his side of the line.

The evidence is very conflicting; but, as appellant's deed from C. F. Blanton, calls for the oak corner in Mahaley Brock's line, and to run from that point with appellee's line, it is clear that the line with which it thus runs must be the agreed line as claimed by appellee, and, if so, it would seem to follow that the land in controversy is on appellee's side of the agreed line, as the agreed line, as claimed by appellee, is the only one by which the Taylor land can be extended from the maple and chestnut in the Taylor patent to the oak corner of the Mahaley Brock land. In other words, it is only by following the agreed line from the maple and chestnut in the W. J. Taylor patent to the oak corner referred to in the Brock land, that appellee's land can be made to reach the Brock land, at the oak corner.

There is, however, another feature of the case to be considered which seems to us conclusive of appellee's right to recover; that is, she had enclosed by a fence the land in controversy three years before appellant's purchase of it from C. F. Blanton and the conveyance thereof to him by deed from Blanton; and this enclosure she has continuously maintained since the fence was first erected; she, therefore, had the land enclosed and, by reason thereof, was in the actual adverse possession of the same at the time appellant obtained his deed from C. F. Blanton; therefore, the latter's deed in so far as it covers any part of the land in controversy, was champertous and void, for section 210 Kentucky Statutes, declares:

"All sales or conveyances including those made under execution, of any land, or a pretended right or title to the same, of which any other person, at the time of such sale, contract or conveyance, has the adverse possession, shall be null and void." *   *   *

The statute bars appellant's claim of title to the land. While the instructions given by the circuit court did not submit this aspect of the case to the jury, they did correctly state the law as to the issues of fact bearing upon the question of the location of the line and as to the measure of damages; and, as the appellee under the statute referred to, was entitled to an instruction directing the jury to find for her and to fix the damages sustained, according to the evidence, appellant is in no attitude to complain of the instructions that were given, unless the one as to the measure of damages failed to correctly state the law, which it did not do.

Wherefore, the judgment is affirmed.