### Martin v. Dupee, et al.

(Decided December 1, 1922.)

### Appeal from McCreary Circuit Court.

1. Adverse Possession—Boundaries—Occupancy.—Where a person, claiming title by adverse possession, has a deed of record, and the deed describes a boundary by natural or artificial objects, so that it can be surveyed, and he makes an actual settlement within the boundary described, his occupancy will carry with it possession to the extent of the boundary described in the deed.

2. Adverse Possession—Evidence.—Held, that the evidence in this case is insufficient to sustain the finding of the jury as to the adverse possession of the land in dispute.

STEPHENS & STEELY for appellant.

H. M. CLINE for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

This is an action for trespass involving the title to a strip of land of less than five acres. The appellees aver that it is included in a tract described in their petition as belonging to them. Appellant denies the trespass, and alleges that he owns a boundary of eight and three-fourths acres, which includes the land in dispute. The judgment of the lower court was favorable to appellees.

The tract described in the petition is a perfect parallelogram of fifty acres, purchased by the husband of appellee, Anna Dupee, in 1889. It had been occupied by appellees and their predecessors for thirty years at the time this suit was instituted. Appellant claims title under a deed of 1914. On this appeal he insists that the judgment should be reversed: (1) Because the appellees,

claiming title by possession, did not prove that they had claimed to any fixed or marked lines or corners; (2) that the land sought to be recovered is wholly outside the marked lines of the tract on which appellees reside, and that they had never been in possession of it; and (3) the judgment is not supported by the verdict, and does not include the land in controversy.

The first two contentions are argued in connection with appellant's motion for a directed verdict, which he insists should have been sustained. Appellees' claim of title is by adverse possession; and where a person, claiming by adverse possession, has a deed of record, and the deed describes the boundary by natural or artificial objects so that it can be accurately surveyed, and he makes an actual settlement within the boundary described, his occupancy will carry with it possession to the extent of the boundary described in the deed. Sackett v. Burt & Brabb Lumber Co., 150 Ky. 748. Conformable to this rule appellees introduced in evidence the deed under which they occupied the fifty acres, for the purpose of showing the extent of their possession and the inclusion therein of the land in dispute. It is said, however, for appellant, that, notwithstanding this evidence of possession, the record utterly fails to disclose any evidence of a claim to a well-marked line, or to show that the boundary of the fifty acres, if properly run, would include the small area in controversy.

The first point suggested seems to be sustained by the record. Stanfill, a county surveyor, some two or three years before this suit was filed, made a survey of the fifty acre tract, and, according to his survey, as well as another survey made by Wilder a few years ago, the land in dispute is included within the fifty acre tract. But the fourth line called for in the deed, as run by these surveyors to include the disputed strip of ground, is admittedly not marked. Hence, appellees' claim, if maintainable, must rest on a possession co-extensive with the boundary of the fifty acres as properly run; and, accordingly, it is to be determined from the evidence whether the surveys made by Stanfill and Wilder constitute a correct location of the fifty acre tract. All the witnesses agree that the first corner in the deed to this tract, two white oaks and a maple, has disappeared, and the two surveys referred to, as well as the survey made in 1879 by Gatliff, were started from the second corner, a maple,

white oak and gum. There seems to be no controversy
about the location of that corner. The third and fourth
corners, as described in the deed, are artificial, indicating
that the fifty acre tract was not originally surveyed. It
appears that in 1879 Joe Gatliff surveyed the tract, and
marked the lines as he made the survey. The third line,
as called for in the deed, the second from his beginning
point, ended at a pine which he marked as a corner.
There is a pine stump in that vicinity now, but whether
it is the corner that he marked is not certain. The other
marks that he made have disappeared. Wilder testified
that when he surveyed the land the second line in the
deed was marked, though it appeared to have been
marked only a short time; that when he reached the end
of the line he found a black oak marked as a corner, but
the marks appeared to have been only four or five years
old. He further said that, in running the calls of the
third line of the deed from that corner, he arrived at a
pine stump with a stone by it, presumably the corner
marked by Gatliff, and that he ran the fourth line from
that point. Stanfill also did this. The end of the fourth
line, as called for in the deed and as they ran it, is about
fifty poles from the maple, white oak and gum, the second
corner. It is the claim of appellees that distances must
yield to monuments or corners, and it was, therefore,
proper to close the survey from that point, even though
the line was extended eight poles. This contention might
be upheld if the fourth line called for in the deed, as run
by these surveyors, terminated at an established corner.
That, however, is not the case. Besides, it is to be
remembered that appellees' possession is measured by a
proper survey of the fifty acre tract; that the tract is a
perfect parallelogram, forty poles wide and two hundred
poles long; and that these surveys depart from the de-
scription in the deed to the extent of including at one end
an additional width of eight poles. In view of these facts,
the rule relied on cannot control. Furthermore, if the sur-
veys relied on were accurately made, and the pine stump
is in fact the third corner, it would necessarily fol-
low that the fourth line, if run on the same variation as
the others, would parallel the second line and fix the first
corner at a point of connection with the first line, forty
poles distant from the second corner. The location of
the first corner nearly fifty poles from the second corner
cannot be correct, because the tract, as thus surveyed,

does not conform to the shape or acreage of the tract described in the deed. And since that location was not arrived at by marked lines, and the evidence does not show that it is at the point where the two white oaks and maple formerly stood, it follows that appellees' claim of possession to the extent of their deed does not, under the evidence in this record, include the land in dispute. It is our conclusion, therefore, that the jury should have been instructed to return a verdict for defendant; and, on another trial, should the evidence be the same as on this, the trial court will so direct the jury.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.