## Tennis Coal Company v. Hensley, et al.

(Decided February 6, 1923.)

### Appeal from Leslie Circuit Court.

1. Champerty and Maintenance—Evidence.—Evidence examined and held sufficient to show certain deeds were champertous and void, same having been made by persons having no possession of the land, while another was in actual, open, adverse possession thereof.
2. Champerty and Maintenance—Adverse Possession Under Champerty Statute.—To constitute adverse possession under the champerty statute, it should be actual and adverse and manifested by some act or fact sufficient to indicate such possession in others. If such possession is held under a recorded deed with a definite description it will extend to the outer boundaries of it, regardless of inclosures.
3. Boundaries—Contiguous Tracts—Possession.— Several contiguous tracts contained in a single boundary in the same deed will be regarded as one tract, and possession of one will extend to the entire boundary.

4. Champerty and Maintenance—Notice—Defects.—Where a deed is champertous in its execution, it will not be validated by subsequent notice to the one in possession of a defect in his paper title.

JOHN D. CARROLL, W. O. DAVIS, JESSÉ MORGAN, P. T. WHEELER and M. C. BEGLEY for appellant.

C. K. CALVERT for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

This suit involves the title to fifty acres of land in Leslie county for which a patent was issued to John Sheppard in the year 1861, both parties tracing their title to this source.

It appears that on the 28th day of November, 1903, one Phillip Joseph sold and by deed of general warranty conveyed to the Tennis Coal Company a tract of 705 acres of land. This land had theretofore been in several different parcels contiguous one to the other, one of which was the land in question. All were then carefully surveyed and outside lines marked and conveyed as one tract. This conveyance was put to record on the 12th day of December, 1903, and the grantee was put in possession, which possession it has since maintained.

The land in question had been held by Joseph under a title bond and claim of adverse possession, and in order to perfect the title he brought suit in the Leslie circuit court against William Shepherd and Samuel Stidman, alleging that John Shepherd, the patentee, sold this tract of land to Clemmy Joseph by title bond, and that he had purchased same and had taken an assignment of the bond: Shepherd had abandoned his home and family in this state and been absent therefrom without any one hearing from him for more than thirty years, and thereby was presumed to be dead; that William Shepherd was his only son and heir at law, and thereby he sought a conveyance of this land. The court granted him the relief sought and under this judgment the master commissioner executed to him a deed for said land. This deed was duly recorded on the 3rd day of April, 1904.

However, John Shepherd was still alive and residing in Arkansas. On the 29th of December, 1905, he executed a deed of conveyance for this land to one Jasper Shepherd, and he in turn on the 6th day of January, 1906, conveyed same to W. L. Hensley, father of the plaintiffs

herein. Both of these deeds were put to record on the 16th day of May, 1906.

Shortly afterwards John Shepherd returned to Leslie county and procured an indictment against Phillip Joseph for uttering a forged instrument (specifically the title bond in question).

There is testimony to the effect that in a jury trial a verdict of guilty was returned, but that Joseph was given a new trial and that Shepherd afterwards left and there was no further prosecution.

Passing that, on the 30th day of June, 1906, John Shepherd brought an ordinary action in the Leslie circuit court against Phillip Joseph and others without mentioning his conveyance to Jasper Shepherd. He alleged that he was the owner of this particular tract of land, and sought damages for the removal of timber therefrom.

Joseph answered, reciting that he had conveyed the land to the Tennis Coal Company, and defended the title in its behalf. He denied Shepherd's title, relied on adverse possession, the execution of the title bond and the judgment in the former suit. He made his answer a counterclaim and asked that the title be quieted.

The action was transferred to equity, proof taken, and on submission Joseph was granted the relief sought and judgment was rendered denying Shepherd's claim and quieting the title.

Subsequent to this W. L. Hensley died and his children instituted this action, alleging that they were the owners of the land and asking damages for alleged trespass thereon. The coal company denied their title, relied on adverse possession, champerty, the title bond and judgment, *supra*, and by counterclaim sought to have its title quieted.

Various pleadings were filed completing the issues. The records of both the former suits were considered in evidence and other proof taken, and on final submission the chancellor was of the opinion that the title bond was a forgery; that the Leslie circuit court lacked jurisdiction to hear and determine the first case mentioned; that the second suit was brought after the purchase of the land by W. L. Hensley, and that he was neither a party nor a privy thereto, and consequently neither judgment was binding on the plaintiffs, and that neither the defense of adverse possession nor that of champerty was available,

whereupon he rendered judgment in favor of the plaintiffs, and the coal company has appealed.

Kentucky Statutes, section 210, provides:

"All sales or conveyances, including those made under execution, of any lands, or the pretended right or title to the same, or which any other person at the time of such sale, contract or conveyance has adverse possession, shall be null and void."

It may be regarded as settled that when one occupies land, claiming ownership under a recorded deed, which contains a definite description thereof, his possession will extend to his outside boundaries, regardless of his inclosures, and if such possession is actual and adverse, manifested by some act or fact sufficient to indicate such possession to others, a sale of such land by a third party would be champertous and void.     Watson v. Wilson, 150 Ky. 27; Brown v. White, 153 Ky. 452; LeMoyne v. Lytton, 159 Ky. 652; I. C. Ry. Co. v. Taylor, 164 Ky. 150.

Applying this principle to the facts of the case, survey was made of all the land and it was conveyed as one tract. This deed was put on record December 12, 1903, two years before the deed to Jasper Shepherd was executed, and appellant was put in possession and has since occupied it by tenants and claimed to the outer boundaries. The deeds attacked were executed December 29, 1905, and January 6, 1906, respectively.

It is shown that R. H. Brashears held this under two leases during the period from March 1, 1904, to March 1, 1906, and that he or his men occupied a residence thereon during that period, and these leases are introduced in evidence.

Jasper Shepherd admits that he knew of appellant's claim and possession for several years before his conveyance, and it is shown that W. L. Hensley worked and lived on the place as a workman under Brashear, and that he knew the same facts.

But it is argued by the appellees that the title bond is a forgery and by reason of its invalidity it afforded no color of title, and no claim could be based thereon. If we assume it to have been a forgery it may be said that Phillip Joseph could acquire no rights thereunder; but it will be observed that appellant claims under a deed of conveyance executed to it by Joseph, and if it purchased same in good faith, and without notice of any defect in the

title bond, under such circumstances it would not be affected by fraud upon the part of its grantor. 1 R. C. L. 23.

It is claimed that appellant did receive such notice in this way. At the time of the execution of the deed from Phillip Joseph to it on the 29th day of November, 1903, the company paid the purchase money, except the sum of $878.75, which was retained until the title to all the land could be perfected, it appearing that the title to two of the other tracts was in dispute. A new lawsuit resulted over these lands, which was decided in Joseph's favor, and the balance of the purchase money was then paid in 1908.

Further, there is evidence conducing to show that the prosecution against Phillip Joseph and the civil suit of John Shepherd v. Phillip Joseph were pending at the same time; that the jury returned a verdict of guilty against Joseph, and that Joseph paid John Shepherd $1,000.00, and the latter agreed for judgment to go in Joseph's favor in the civil action, and a new trial was granted in the criminal case, whereupon John Shepherd left the state and the prosecution dropped, these matters happening in the year 1906-7, and it appearing that the appellant's attorney had notice of this before paying the balance of the purchase money.

If John Shepherd compounded a felony, and the defendant with notice thereof took further steps toward securing title or perfecting title on the basis of his conduct, it might be the subject of review in this case in an issue affected thereby, but it will be observed that the deed to Jasper Shepherd, executed December 29th, 1905, and the deed from him to W. L. Hensley on the 6th day of January, 1906, both antedated the civil and criminal proceedings mentioned. It is conclusive that appellant had no notice of the defect claimed in the title at those dates. And if those deeds were void when executed they could not be validated by subsequent notice to the appellant of such defect in the title bond.

It follows that those deeds were champertous and conveyed no title to appellees.

A number of interesting questions are raised by this appeal, but in view of the conclusions reached it is deemed unnecessary to discuss any of the others.

Wherefore, judgment is reversed and cause remanded for proceedings consistent herewith.