## Curry v. Cox.

(Decided March 6, 1925.)

### Appeal from Estill Circuit Court.

1. Adverse Possession—Possession of Land Under Recorded Deed Held to Extend to Boundaries as Described in Deed, Regardless of Inclosures.—Possession of land under recorded deed held to extend to outside boundaries as described in deed, regardless of inclosure of only a portion.

2. Champerty and Maintenance—Possession of Land Held Adverse.—Where occupant, claiming title under recorded deed, cleared portion of land, started orchard, then purchased and resided on contiguous tract, working entire property as one farm, his possession held adverse.

3. Champerty and Maintenance—Deed Held Champertous and Void as Against Adverse Possession under Recorded Title.—Where occupant of land claimed adversely under deed, recorded in 1908, deed dated in 1917, purporting to convey land, held champertous and void within Ky. Stats., section 210.

CLARENCE MILLER, HAL S. CORBETT, MILLER & CHAPMAN and BEN H. SCOTT for appellant.

RIDDELL & SHUMATE for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Appellant brought this action to quiet his title to a described boundary. By answer and counterclaim, appellee claimed that the land in question belonged to him as a part of a larger boundary he owned. The trial court, on motion of the parties, transferred this action to the common law side of the docket for jury trial. At the conclusion of the whole testimony, the court peremptorily instructed the jury to find for the appellee, which it did, and from the judgment entered on this verdict, this appeal is prosecuted.

Appellant traced his title to the land in question through mesne conveyances back to a patent issued by the Commonwealth in 1876, known as the Friend or Lunsford patent, his immediate conveyance being a deed dated October 18, 1917. Appellee does not trace his title back beyond a deed from the Cincinnati Cooperage Company to Congleton and Williams, from whom appellee secured his deed in 1908. The description in this deed of

appellee covers practically all the property described by the Lunsford patent with the exception of a few little corners not in dispute and which were in this action awarded to appellant.

When appellee secured his deed in 1908, which he then promptly recorded, he entered on the land in question, claiming to its outside boundaries, and cleared about thirty acres thereof, planted an apple and peach orchard on the cleared ground and surrounded the same with a fence, making use of the cliffs where he could. There was a house on this cleared ground in which he lived until 1912. In this year appellee bought some land known as the Sparks property, which in part abutted on the boundary in dispute. He moved from the house in which he first lived over to a house on the Sparks property and connected up the fences surrounding the Sparks property with the fences on the disputed land. He continued to use and occupy all of the cleared land, both that of the disputed land and of the Sparks property as one farm, the witnesses saying that the fence between the Sparks and disputed land looked to them like a cross fence. There is evidence that he continued from 1912 on to pasture his stock on the disputed land, to raise corn thereon, to keep his fodder over in the old house, to maintain his orchards, and that at times he leased this old house to certain tenants. For a short while, in the summer of 1916, he was away from both pieces of property, but he returned in the fall and took up the occupancy of the same as he had theretofore done.

The defense of appellee is that the deed to appellant in 1918 is void, being champertous within the meaning of section 210 of the Kentucky Statutes. In the case of Tennis Coal Co. v. Hensley, 198 Ky. 616, 250 S. W. 509, this court said: "It may be regarded as settled that when one occupies land, claiming ownership under a recorded deed, which contains a definite description thereof, his possession will extend to his outside boundaries, regardless of his inclosures, and if such possession is actual and adverse, manifested by some act or fact sufficient to indicate such possession to others, a sale of such land by a third party would be champertous and void." In the case at bar the evidence shows that appellee at the time appellant took his deed to this property was occupying the land in the manner above indicated and claimed ownership under a recorded deed containing a definite description thereof, to the outside boundaries described therein.

Therefore, appellee's possession will extend to his outside boundaries regardless of his inclosures. In Saylor v. Taylor, 148 Ky. 627, 147 S. W. 380, Mrs. Taylor, who lived upon a certain tract of land, undisputed title to which she had, enclosed by a fence three adjacent acres and used them along with the rest of her farm. The court held that by reason of these facts she was in the adverse possession of these three acres within the meaning of section 210 of the Kentucky Statutes, so as to make any deed to them by third parties void and champertous. The appellee being in the actual adverse possession of this land at the time appellant took his deed, it is manifest that the lower court correctly adjudged appellant's deed to be champertous and void.

The judgment of the lower court is affirmed.