## Foust, et al. v. Hill, et al.

(Decided June 25, 1926.)

### Appeal from McCreary Circuit Court.

1. Husband and Wife.—Deed of married woman, in which her husband does not join, is void.

2. Husband and Wife.—Husband, by putting his name at end of wife's deed and acknowledging it, when not named in instrument or party to it, added nothing to its legal effect.

3. Witnesses.—Under Civil Code of Practice, section 606, grantee was incompetent to testify to anything said or done, or omitted to be said or done, by deceased grantor.

4. Adverse Possession.—Payment of taxes, building of house, cultivating land, and conveyance of portion of land held to evidence adverse possession of grantee, whose deed was void, and whose grantors lived with him on land.

5. Adverse Possession—No Recovery Can be had from Grantee Holding Adversely Under Void Deed After Lapse of 30 Years, Although all Parties were Under Disability at all Times (Ky. Stats., Section 2508).—Under Ky. Stats., section 2508, where grantee entered possession and held under void deed, cause of action accrued at

time of entry, and after lapse of 30 years no recovery could be had, even though all parties were under disability at all times.

H. C. CRESS for appellants.

E. L. STEPHENS, STEPHENS & STEELY and DUNCAN & BELL for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Barbara Troxel owned a tract of three hundred acres of land in McCreary county on which she and her husband, Washington Troxel, lived. They had only one daughter, Litha, who was the wife of R. L. Foust. She had another daughter, Selina, who was the wife of Jake Troxel. In 1891 she and her husband were getting old; Selina had married and was living with her husband on another farm. Litha was living with her husband on a farm owned by him in Tennessee. The old people proposed to R. L. Foust to deed him the farm on condition that he would live in the house with them, take care of them as long as they lived and pay their burial expenses when they died. The proposition was accepted. Foust moved with his family to the farm and on the 30th of Januard, 1891, a deed was made between Barbara Troxel of the first part and Robert Foust of the second part whereby she conveyed to him the land. She signed and acknowledged the deed and it was then duly recorded. Foust moved into the house with them and they lived together as one family. In the year 1898 Washington Troxel signed his name to the deed and acknowledged it before a deputy clerk, but his name did not appear in the body of the deed and his wife did not reacknowledge it. On September 5, 1898, Robert Foust and Litha, his wife, by deed conveyed to Matthew Coffey twenty-six acres of the land in consideration of $26.00 in hand paid him. Before this he had sold a large amount of timber off the land while living there. He ran a sawmill on it and cut much of the timber also himself. In 1900 the two old people died. Foust continued to live on the land with his wife and children and built a new house for himself. He sold the white oak timber off the place and received therefor $1,270.00. In 1917 he and his wife Litha fell out and she brought suit against him for divorce on the ground of cruel and inhuman treatment. In her petition she charged

that her mother had conveyed the land to him because of the marriage relation existing between them and without other consideration, and that he had obtained the property by reason of the marriage. The divorce suit was settled and they continued to live together until her death. After her death he married again, and later he and that wife moved to his farm in Tennessee. He then sold the Troxel farm to Berry Hill and this action was brought against Hill by the first wife's children and Selina Troxel, their aunt, alleging that they were the owners of the land; that the deed above referred to from Barbara Troxel was void and that Barbara Troxel and Litha Foust had always remained in possession of the land. He relied upon adverse possession for thirty years although the deed was held void. The circuit court dismissed the plaintiffs' petition. They appeal.

It is well settled that the deed of a married woman in which her husband does not join is void. Looney v. Elkhorn Land Co., 195 Ky. 198, and cases cited. It is also well settled that the husband by subsequently putting his name at the end of the deed and acknowledging it when he was not named in the instrument or party to it in any way added nothing to its legal effect. Hopper v. Hopper, 172 Ky. 721; Farley v. Stacey, 177 Ky. 109, and cases cited.

Under section 606 of the Civil Code Robert Foust is incompetent to testify as to anything said or done or omitted to be said or done by a person who is dead, for he is testifying for himself. The circuit court sustained the plaintiffs' exceptions to most of this testimony, but if we omit all of his testimony which is incompetent these facts remain undisputed. From the time that he received the deed he gave in the land for taxation and paid the taxes. He lived on the land after 1891. This action was brought in April, 1924. He used and cut the timber from the land as he pleased, built a house on it and cultivated the land. He conveyed away twenty-six acres of it. Such acts evidence adverse possession, and this possession continuing for over thirty years the land cannot now be recovered from him. If Barbara Troxel had lived she could not now recover it, and the plaintiffs claiming under her have no greater rights than she would have, if living. The possession of Foust under his deed, though it was void, was adverse. It has been often held that possession under a verbal gift, where the donee in fact holds the land as his

own, is adverse to the donor, although the donor lives in the house with him. Owsley v. Owsley, 117 Ky. 47; Hall v. Hall, 174 Ky. 830; Layne v. Norman, 188 Ky. 317; Combs v. Grigsby, 200 Ky. 31. The same rule must apply where land is held under a void deed. Big Sandy Co. v. Ramey, 162 Ky. 235; Gathright Land Co. v. Begley, 200 Ky. 808; Curry v. Cox, 208 Ky. 653.

Section 2508, Kentucky Statutes, provides:

"The period within which an action for the recovery of real property may be brought shall not, in any case, be extended beyond thirty years from the time at which the right to bring the action first accrued to the plaintiff, or the person through whom he claims by reason of the death or the existence or continuance of any disability whatever."

Under the statute this court in such cases has steadily held that after thirty years there can be no recovery of the land, and that no disability affects the rule.

"The policy of our statute is to protect married women and infants generally against the statutory bar by lapse of time; yet this must have a limit, else it works injustice to others, and disturbs the repose and security of proprietors; hence, the legislative policy is to quiet all title, notwithstanding disabilities, after thirty years' adverse possession; or, in other words, permits disabilities to prevent bar by lapse of time for only thirty years." Connor v. Downer, 4 Bush 634.

"For, according to the proper construction that can be given to the statute, it began to run at the time the right to bring the action first accrued to her, or from the time the holding adverse to her began. Otherwise, her disability of coverture would serve to extend the period in which the action might be brought beyond thirty years." Medlock v. Suter, 80 Ky. 105.

"Under the thirty year statute, the fact that the vendor was a married woman can make no difference, and whether the entry and possession was under an executory or an executed contract in equally immaterial." Mantle v. Beal, 82 Ky. 126.

"No disability of coverture, or infancy, or by reason of the existence of war between the claimant's

country and that of the defendant, or any other 'disability whatever' can save the right to bring an action for the recovery of real property adversely held for a longer period than thirty years from the time the right of action accrued to them.'' Stillwell v. Leavy, 84 Ky. 384.

To same effect see Tucker v. Price, 17 R. 11; L. & N. R. R. Co. v. Thompson, 105 Ky. 190; Rose v. Ware, 115 Ky. 420; Hale v. Ritchie, 142 Ky. 424; Dotson v. Dotson, 172 Ky. 641.

When Foust entered and held under his deed, which was void, the cause of action accrued to Barbara Troxel; when she died this cause of action descended to her daughters; and no action to recover the land having been brought in thirty years after the cause of action accrued, the statute applies though all the parties were at all times under disability.

Judgment affirmed.