## Charles v. McCoy.

(Decided June 7, 1927.)

### Appeal from Pike Circuit Court.

1. Appeal and Error.—Where defendant, in action to establish ownership of land, entered into stipulation waiving introduction and reading of patent which issued from commonwealth, he cannot insist on appeal that patent was not read in evidence as bearing on sufficiency of proof to make out case.

2. Quieting Title.—In action to establish ownership of land, evidence held to fairly support jury's verdict establishing ownership thereof in plaintiff.

3. Adverse Possession.—One who enters under a deed claiming to the boundaries of his deed is in possession to extent of deed boundary, if boundary is sufficiently described so that it may be run by a surveyor.

4. Exceptions, Bill of.—Where, after judgment, time was given until last day of next term to file bill of exceptions, and bill of exceptions bore indorsement that they were tendered and offered to be filed as of last day of such term, the bill was tendered in time.

STRATTON & STEPHENSON for appellant.

WILLIS STATON for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

John McCoy held a patent from the commonwealth of Kentucky, bearing date January 20, 1837, for 75 acres of land on Burning Fork creek in Pike county. On October 6, 1922, John C. Charles obtained a patent from the commonwealth of Kentucky for about 4 acres of land,

which he claimed was vacant, adjoining a line of the Mc-
Coy 75-acre survey.  John McCoy and wife on November
7, 1838, conveyed the land embraced by the 75-acre patent
to Randolph McCoy.  Randolph McCoy and wife, Eliza-
beth, conveyed the land on August 3, 1874, to John R.
McCoy.  John R. McCoy and wife conveyed it on October
4, 1918, to L. K. McCoy.  L. K. McCoy brought this action
on October 28, 1924, against Charles, alleging his owner-
ship of the land, and that Charles was without right in in-
truding upon him..  Charles answered, alleging that he
was the owner of the 4 acres in controversy.  On the trial
of the case, the jury returned a verdict for the plaintiff.
Judgment having been entered upon the verdict, and his
motion for a new trial overruled the defendant appeals.

It is insisted for the appellant that, as McCoy was
the plaintiff in the action, the burden was on him to make
out his case, by either showing a title from the common-
wealth or an adverse possession of 15 years, and that the
proof offered by the plaintiff was insufficient.  It is in-
sisted that McCoy did not show title from the common-
wealth because he did not read on the trial the patent to
John McCoy.  But we find in the record this stipulation
following the survey on which the patent was based:

> "It is agreed by and between the parties hereto
> that the introduction of the patent which issued from
> the commonwealth of Kentucky in virtue of the sur-
> vey just read in evidence to John McCoy for 75 acres
> of land is of date January, 1837, and the reading and
> introduction of same is waived."

The defendant by this stipulation waived the read-
ing of the patent, and cannot insist in this court that the
patent was not read in evidence.  The existence of the
patent was assumed by both the parties on the trial, for
not only the deeds under which the plaintiffs claimed
rested upon it, but the survey under which the defendant
claimed called to run with the line of this patent.

It is also insisted that the plaintiff failed to show
title from the commonwealth because the defendant intro-
duced in evidence a deed made by Randolph McCoy and
his wife, Ann, to Anderson Blair, bearing date May 11,
1853, or 21 years before the deed to John McCoy, and a
witness was introduced showing that this deed included
the land in controversy.  But it was shown that there
were two men named Randolph McCoy in Pike county at

that time. The defendant does not claim under Anderson Blair; Anderson Blair and thôse claiming under him have never claimed the land in controversy. It has always been held and claimed since 1874 by John R. McCoy and those claiming under him. The court therefore properly submitted the question to the jury, and the verdict of the jury is clearly supported by the evidence as a whole.

The proof is clear that John R. McCoy and those holding under him entered upon the land; built a home on it and claimed to the extent of their deed boundaries. The 4 acres in controversy is timber land and on a hillside. But one who enters under a deed, claiming to the boundaries of his deed, is in possession to the extent of his deed boundary if the boundary is sufficiently described that it may be run by a surveyor. Hopson v. Cunningham, 161 Ky. 160, 170 S. W. 522; Tennis Coal Co. v. Sackett, 172 Ky. 729, 190 S. W. 130, Ann. Cas. 1917E, 629; Heinrichs v. Polking, 185 Ky. 433, 215 S. W. 179; New York-Kentucky Oil & Gas Co. v. Miller, 187 Ky. 742, 220 S. W. 535; Martin v. Dupee, 196 Ky. 652, 245 S. W. 294; Curry v. Cox, 208 Ky. 653, 271 S. W. 700. There was abundant evidence to submit this question to the jury.

On the whole case and on all the evidence the verdict of the jury is in accord with the right of the matter and cannot be disturbed. The judgment was rendered at the April term, 1926, and time was given until the last day of the next term to file bill of exceptions; the next term began on the second Monday in June, which was June 14th. It continued for 18 days. The last day of the term was July 3d.

The bill of exceptions bears the following endorsement: "Tendered and offered to be filed July 3, 1926. D. C. Moore, Clerk." The bill was therefore tendered in time.

Judgment affirmed.